## BENJAMIN ELLISON, ADM'R, &C., APPELLANT, VS. DAVID H. ALLEN, APPELLEE.

1. If a party, after judgment upon demurrer is given against him, goes on to amend his pleadings and make an issue to the country, he thereby waives his exceptions to the judgment upon the demurrer, and will not be permitted to assign it for error in the Appellate Court.

2. Where a defendant, after the service of process in a suit instituted against him, died, and the plaintiff afterwards and before the expiration of the time limited by statute for the presentation of claims to the administrator, asked for and obtained an order for a *sci. fa.* to make the administrator a party: Held, that the order thus obtained is equivalent to and dispenses with an actual presentation of the claim.

This case was decided at Marianna.

The facts of the case are fully set out in the opinion of the Court, to which reference is made.

*T. J. Eppes* for appellant.

*C. C. Yonge* for appellee.

DuPONT, J., delivered the opinion of the Court.

The appellee brought his action of assumpsit in the late Superior Court of Calhoun county against John Jenkins on a written acceptance. The summons *ad respondendum* was made returnable to the April term, 1841, of the said Court, and was duly served. The declaration was filed at the return term of the summons, but before any issue between the parties had been joined the defendant died, and his death was suggested on the record at the April term, 1846, of the said Court. At the December term, 1846, an order was entered on the record, directing a writ of *scire facias* to be issued to Benjamin Ellison, the administrator,

to make him a party defendant. At the December term, 1848, a similar order was entered, directing an *alias sciré facias* to be issued. At the November term 1849, at the spring term 1850, at the May term 1853 and at the December term 1853, respectively, similar orders were entered, directing the issuing of *pluries sci. fa.;* and at the April term 1854 the cause was transferred, by consent, to the Circuit Court of Jackson county. The record does not show that these several orders were ever complied with by the Clerk, or that there ever was any service of the writs, or any of them, if indeed they were ever actually issued. On the 25th day of March, 1854, however, the Clerk of Calhoun county did issue from his office a *pluries sci. fa.,* directed to the said administrator, requiring him to be and appear at the April term ensuing of said Court, to show cause why he should not be made a party defendant. This writ was duly served on the 31st day of the same month.

At the May term, 1854, of the Jackson Circuit Court the cause was ordered to be continued, with leave to the defendant to plead the statute of limitations within sixty days. On the 11th day of October, 1854, the defendant filed his plea in the following words, to wit: "And the said defendant by his attorney comes and defends the wrong and injury when, &c., in this behalf and says *actio non,* because he says that said demand of plaintiff was not exhibited to defendant within two years after granting of letters of administration to him, the said defendant. And the said defendant says, that he published a notice by advertisement, once a week for four weeks, in a newspaper published in the city of Apalachicola and known as the Commercial Advertiser, notifying all creditors, legatees and persons entitled to distribution that their claims and demands would be barred at the expiration of two years, as afore-

said, unless exhibited within the same, and this he is ready to verify, wherefore he prays judgment and puts himself upon the country," &c.

This plea was accompanied by the following notice, to wit:

"NOTICE.—All persons having claims against John Jenkins, late of Franklin county, deceased, are requested to present the same, duly authenticated, within the time prescribed by law, or this notice will be pleaded in bar of their recovery; and all persons indebted to said estate are requested to make immediate payment.

 " (Signed,)       B. ELLISON, *Adm'r.*"
" APALACHICOLA, June 4th, 1856."

The publication of this notice was proved by the affidavit of the printer of the paper in which it was published.

On the 9th day of May, 1855, the plaintiff filed his replication to the defendant's plea in the following words, to wit:

" And, as to the plea of defendant, filed herein, plaintiff says, *precludi non*, because he says the said suit has been pending ever since and prior to the decease of said intestate, and that a *sci. fa.* was ordered within two years after the date of said notice referred to in said plea, and this plaintiff is ready to verify."

To this replication a demurrer was interposed which, upon argument, was overruled by the Court, and the parties immediately joined issue in short, by consent. The issue being thus made up, at a subsequent term of the Court, to wit: at the fall term thereof, a jury was waived by the parties, and the cause was submitted to the judgment of the Court upon the evidence embodied in the bill of exceptions, (consisting of the record of the case in Calhoun Circuit Court above cited,) which, after the same

had been fully argued by the counsel, found the issue for the plaintiff, and gave judgment accordingly.

From this judgment the appeal to this Court has been taken, and the following errors are assigned for the reversal of the same:

1st. The Court erred in overruling the demurrer of defendant to the plaintiff's replication.

2d. The Court erred in finding for the plaintiff upon the issue joined.

The first error assigned presents no difficulty in the mind of the Court, for, by reference to the plea, it will be seen that if the demurrer had been permitted to stand, it would have reached back to the defendant's plea, which is manifestly defective for want of sufficient certainty, and thus he would have been left without a defence. He therefore ought not to complain of the disposition that was made of it by the ruling of the Court. But if this were not so, the overruling of the demurrer was improper. Still the defendant cannot, under the after proceedings had in this cause, be permitted to avail himself of this exception, for, it is well settled, that if a party, after judgment upon demurrer is given against him, goes on to amend his pleadings and make an issue to the country, he thereby waives his exceptions to the judgment upon the demurrer and will not be permitted to assign it for error in the appellate Court. If the defendant had desired to have that ruling reversed by this Court, he should have refused to go to the country and have permitted the judgment on the demurrer to stand. Going to issue on the pleading operated as a waiver of the exception.—United States vs. Boyd et al., 5 Howard S. C. Rep., 29.

The second exception presents for adjudication a question of greater difficulty, and it has been only after much

27

anxious deliberation that we have been enabled to arrive at a conclusion satisfactory to ourselves.

The statute upon which the defendant's plea is based is commonly known in our practice as the statute of "*non claim*," and is in the following words, to wit:

"All debts and demands, of whatsoever nature, against the estate of any testator or intestate, which shall not be exhibited within the said two years, shall forever afterwards be barred: *Provided*, that the executor or administrator shall, by an advertisement, to be published once a week for the space of four weeks, in some newspaper printed in this State, give notice to all creditors, legatees and persons entitled to distribution that their claims and demands will be barred at the expiration of the period aforesaid, unless exhibited within the same, saving, however, to married women, infants," &c.

The reference as to the time at which the limitation is to commence to run is to be found in the *proviso* contained in the preceding section of the statute, and is in the words, "Provided, that such debt or demand shall appear within two years after granting the letters testamentary or letters of administration."

It will be perceived, by reference to the terms of this latter proviso, that if this section of the act be strictly construed, according to its letter, the bar of two years will be made to commence running from the date of the grant of the letters testamentary or of administration. We are not aware that the question arising upon this clause of the statute has heretofore received an authoritative adjudication, and as it legitimately arises in this case and may be of frequent occurrence, we deem it a fit opportunity to rule upon it. The law was made to subserve the cause of right and justice by facilitating the speedy settlement of estates and by preventing the enforcement of stale demands. It

Ellison, Adm'r., vs. Allen.—Opinion of Court.

never was intended to be made the engine of oppression, or to work hardship or injury to any one. To interpret it according to its strict letter would be to give it an opera-tion harsh in the extreme, and in the hands of a shrewd and unscrupulous man, it might be made to defeat the most righteous and equitable demands. We are rather inclined to interpret this clause according to its spirit and evident intent, and therefore hold that the bar of the two years will begin to run from the expiration of the four weeks limited for the publication of the notice.

No question was made at the hearing in respect to the sufficiency of the terms in which the notice was couched, and, without intending to rule anything on that point, we will take occasion to remark that the notice should be ample and full in its terms, and should particularly state the limita-tion of "*two years*" as the period within which the claims are to be presented. In making this remark, we do not intend to be understood as coming in conflict with the case of Filyaw and wife vs. Laverty, (3 Fla. R., 72,) where this point, as to the sufficiency of the notice in this respect, was expressly ruled, but we only desire to call attention to its importance, that the construction of the statute may be such that it may be made to subserve its legitimate end and object, to wit: of furnishing full and ample notice to those who may have just claims or de-mands against the estate.

The material point argued at the hearing, and upon the adjudication of which this cause must mainly depend, in-volves the question as to the sufficiency of the presenta-tion of the claim sued upon, to the administrator. There is no evidence of an actual presentation, nor is it pre-tended that such a one was ever made. But it is con-tended by the counsel for the plaintiff that the claim ought not to be barred, on two grounds: first, that the suit

had been pending continually from and before the death of the original defendant, and that this circumstance brings it within the doctrine of *lis pendens*, and consequently dispenses with the necessity of an actual presentation; and, secondly, that under the ruling in the case of Filyaw and wife vs. Laverty, the several *orders* for the revival of the suit against the administrator was equivalent to an actual presentation.

We are not prepared to adjudicate the first point above indicated, nor, from the view which we have taken of the second, do we deem it essential that we should do so.

Against the second position assumed by the counsel of the plaintiff, it was insisted for the defendant, that as there is no evidence going to show that the writs of *sci. fa.* had ever been issued by the clerk in compliance with the several orders which had been made prior to that made on the 25th day of March, 1854, and, if issued, that the evidence is lacking to show that they, or either of them, had ever been served on the defendant, the mere entry of the order on the minutes of the Court did not bring the case within the ruling of the case above cited. In that case the Court say: "As to the question, what shall constitute an exhibition of a debt or demand against an estate, we think there should be actual presentation of the claim within the time prescribed, or something done by the party equivalent to it." * * * "The party holding the claim or demand must pursue some measures to present his demand, and not remain passive or sleep upon his rights. The bringing a suit or action at law or in equity we would regard as equivalent to an actual presentation."

We see no reason to question the soundness of these views, and, applying them to the case before the Court, it is difficult to perceive how it can be withdrawn from their

Ellison, Adm'r., vs. Allen.—Opinion of Court.

operation.   Under our statute, the filing of the "*præcipe*" is declared to be the commencement of a suit.   Now, the *præcipe* is only an *order* to the Clerk to issue the *summons ad respondendum*, and if that is held to be equivalent to and dispenses with an actual presentation of the claim, why shall not the order for a writ of *sci. fa.* have the same effect?   In the opinion before referred to, the Court very happily says, the party " must not remain passive or sleep upon his rights," and we may appropriately add, that the spirit of the law requires only that the claimant should exercise due and proper diligence in giving notice of his demand to the representative of the estate.   It is true, that in the absence of proof that due diligence had been exer_cised, or where there is ground to suppose that notice of the demand had been intentionally suppressed, the Court would not hesitate to enforce the bar.   But where it is made manifest, as in this case, that the claimant has exercised the utmost diligence, by demanding continuously from term to term the process of the Court, we think it would ill comport with justice and equity that he should be barred of his just rights by too rigid an adherence to the letter of the law.

Upon a full review of all the points presented by the record, we are of opinion that there is no error in the judgment of the Court below—therefore the judgment is affirmed.