Frieda Springer, *et al.,* v. Dean Aiken, as Administrator.

196 So. 448
En Banc
Opinion Filed May 31, 1940

*Polhill & Simmons,* for Plaintiffs in Error.

*Walter Armstrong* (of Washington, D. C.), *Thompson & Aiken* (of St. Petersburg), and *Gene Cofar* (of St. Petersburg), for Defendant in Error.

Per Curiam.—This case is submitted on an agreed statement of facts on writ of error from the circuit court of Pinellas County.

Carrie E. Dracass, deceased, was the owner of certain stock in an Illinois bank on March 4, 1933, when the bank was closed by proclamation of the governor of that state. By statute all stockholders in Illinois banks are subjected to what is commonly known as "double liability."

Following the closing of the bank Carrie E. Dracass moved to Florida, and on March 4, 1936, the depositors of the former Illinois bank filed declaration in the circuit court of Pinellas County to recover the amount of her stock, with interest. Defendant Dracass filed her appearance on March 10. It is admitted that March 4, 1936, was the last day on which action could be brought on the claim, the statute of limitations barring any action filed after that date. Seventeen days after the institution of the action, Mrs. Dracass died. Suggestion of death was filed by her counsel, on May 4, 1936, and no further proceedings were ever had in the case.

Written claim was filed with the personal representative of deceased, seasonably rejected in writing and the plaintiffs in the former suit commenced the present action against the Executor of Mrs. Dracass' estate on Oct. 8, 1936, and a declaration identical with that of law case No. 9010— the former action instituted on March 4, 1936—was filed, together with additional allegations as to the death, Mrs. Dracass, the filing and rejection of the claim, etc. It is from the final judgment denying the right of plaintiffs to prosecute this action that writ of error was taken.

Section 185 of the 1933 Probate Act is as follows:

"If a person against whom a cause of action exists die before the expiration of the time limited for commencement thereof and the cause of action survive, claim shall be filed thereon and like proceedings had as in the case of other claims against the estate."

In a brief discussion of Section 185, *supra*, Mr. Redfearn, in his "Wills and Administration of Estates in Florida," at page 619, has this to say:

"With executions and levies prohibited (Section 123), no reason for bringing an action against the estate remains

except where a claim has been objected to. The statute of limitations, where the bar has not become complete, is suspended."

It is plaintiffs in error's contention that by reason of Section 185, *supra,* and Section 122 of the Probate Act, they had one year from the time of the first publication of notice to creditors by the administrator within which to bring suit against the administrator. On the other hand, defendants in error argue that Section 185 applies only to claims in existence at the death of decedent, as distinguished from claims in the process of litigation, and that Section 185 has no applicability to the case at bar.

The argument of counsel for plaintiffs in error is very ingenious and interesting, but the plain language of the statute leads us to the conclusion that Section 185, *supra,* is not applicable where an action at law has been instituted and is still alive, but as to all other proceedings except the continuation of the law action the statute of limitations has become a complete bar. The case now before us involves an action instituted after the death of Carrie E. Dracass, and after the statute of limitations had become a bar to the prosecution of any new action on the claim. Section 185 of the Probate Act does not reserve to plaintiffs in error the right to institute a new and separate action against Dracass' administrator on such claim upon his rejection thereon. Plaintiffs in error have lost all their rights against the administrator except such rights as they may be adjudged to have remaining in law case No. 9010. Plaintiffs in error not being entitled to prosecute this action, the judgment of the circuit court is—

Affirmed.

WHITFIELD, P. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.