STATE, *ex rel.* ANNIE MAY COURTNEY, as administratrix of the estate of J. C. COURTNEY, deceased, Relator, v. W. T. HARRISON, as one of the Judges of the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, and CORA LEE WALKER, Respondents.

200 So. 345
Division A
Opinion Filed January 28, 1941
Rehearing Denied February 26, 1941

*Dewey A. Dye,* and *A. T. Cooper, Jr.,* for Relator;

*G. P. Smythe,* for Respondents.

PER CURIAM.—The record in this prohibition proceeding shows that Cora Lee Walker, one of the respondents, instituted a suit against the relator's intestate, J. C. Courtney, June 15, 1937. The declaration was subsequently amended June 6, 1938, wherein it was alleged the defendant had verbally promised to pay to the plaintiff certain money. It was further alleged that payments on account had been made by the defendant to plaintiff in June and August of 1934. The defendant filed his plea of the general issue to the declaration, and further plead that the statute of limitations had barred the claim.

On June 28, 1939, before the cause had proceeded to trial and final judgment, the sole defendant died. August 11, 1939, the relator qualified as his administratrix and published the first notice to creditors. The plaintiff presented her claim, representing the indebtedness sued upon,

to the county judge on April 10, 1940, to which the admin-.istratrix filed her objections June 8, 1940. The objections to the claim were never served upon the plaintiff in the suit, nor did she have any notice of the same ever being filed. Thereafter on August 9, 1940, the plaintiff instituted revivor proceedings, suggesting to the court the death of the defendant, naming the administratrix, and serving a copy thereof on the latter with notice to appear. The personal representative appeared specially, moving to quash the revivor, which was denied and an order requiring her to defend the action was entered.

: The administratrix, as relator, then filed in this Court a suggestion for a writ of prohibition directed to the circuit judge, commanding him not to proceed with the further consideration of the cause thus revived because of an alleged ·lack of jurisdiction. It is contended by relator that after the death of the defendant and the abatement of the cause thereby, it could only be revived by proceedings taken before the expiration of the period fixed by the probate Act as the period within which claims must be presented to avoid bar, viz., eight months after the first publication of notice to creditors. Sec. 5541 (91) C. G. L., Per. Supp. 1936. That is, there is no objection made to the manner and form of the revivor, but the objection is made that the circuit court lost jurisdiction of the cause solely for lack of seasonable revivor.

Neither Section 4213, C. G. L. 1927, nor common law rule 49, setting forth the procedure for the revival of actions after the death of the defendant, limits the time within which a plaintiff must act to protect his rights. But relator argues that this Court's decision in Springer v. Aikin, 143 Fla. 256, 196 So. 448, makes any attempt to file a claim in the probate court ineffectual .under the facts in the case at bar,. and therefore, revivor is the exclusive remedy;

that the decisions and dicta in Ellison v. Allen (8 Fla. 206), Bush v. Adams (22 Fla. 177), Anderson v. Agnew (38 Fla. 30, 20 So. 766), and Schilling v. Biggs (108 Fla. 351, 146 So. 558), require the revivor to be within the eight-month period limited by Section 120 of the 1933 Probate Act, *supra,* for presentation to prevent becoming barred.

We cannot agree with the relator's contention. In Springer v. Aikin, *supra,* the plaintiffs had filed suit against the defendant's testator one day prior to the statute of limitations becoming an absolute bar to the action. After the testator's subsequent death, the defendant was appointed as the executor of the estate, and notice to creditors was published. The plaintiffs filed their claim, which was seasonably rejected, and plaintiffs instituted a new action. This Court merely held that Section 185 of the 1933 probate Act did not reserve the right to institute a new and separate action on the claim, but that plaintiffs only retained such rights as remained to revive the former action.

In Ellison v. Allen, *supra,* which first announces the principle followed in Bush v. Adams, *supra,* and which is strongly relied upon by relator, the defendant died after service of process had been made upon him in an action. Thereafter, the plaintiff, before the expiration of the time limited by the statute for the presentation of claims, asked for and obtained an order for a *scire facias* to make the administrator a party, but it was not shown that such writ was served within the period. The Court, however, held that the order thus obtained was equivalent to and dispensed with an actual presentation of the claim. As grounds, the Court stated "that the spirit of the law requires only that the claimant should exercise due and proper diligence in giving notice of his demand to the representative of the estate. It is true, that in the absence of proof that due diligence had been exercised, or where there is ground to suppose that notice

of the demand had been intentionally suppressed, the Court would not hesitate to enforce the bar. But where it is made manifest, as in this case, that the claimant has exercised the utmost diligence, by demanding continuously from term to term the process of the Court, we think it would ill comport with justice and equity that he should be barred of his just rights by too rigid adherence to the letter of the law." Ellison v. Allen, 8 Fla. 206, 213.

In Bush v. Adams, *supra*, it was held that where no effort had been made to present the claim to the personal representative and no attempt had been made to revive the suit within a reasonable time, that the revivor instituted seven and a half years after the first publication of the notice to creditors came too late and was barred. But in Schilling v. Biggs, *supra*, it was held that the revival of an action, pending against the intestate at his death, within the statutory period for presentation of claims was timely, and was "equivalent to, and dispensed with, the actual presentation."

This review clearly demonstrates that the underlying principle and controlling factor in each case is simply whether or not the plaintiff has acted with diligence in reviving the action against the personal representative, and we find this is also the standard by which other jurisdictions measure the revivor. See 1 C. J. S., Sec. 179, 229-230; 1 Am. Jur. 109. It will be noted that no attempt was made in these latter cases to file the claim with the personal representative, but the sole question was whether the revivor dispensed with presentation. Then, if a claimant files its demand with the personal representative, which was in suit at the death of the intestate, within the eight-month period allowed, is such claimant to be barred from reviving the action thereon within the period permitted for suits upon disputed claims?

We think not. The whole purpose of the Probate Act, Acts 1933, c. 16103, and specifically Section 120, *supra,* is

to subserve the cause of right and justice by facilitating the speedy settlement of estates; it contemplates the presentation of all claims to the personal representative by filing claim in office of the county judge and prescribes a procedure by which their justness can be established, thereby obviating the attendant expense and delay of litigation if possible. But if a claim is contested, the Act does not keep the estate open, but Section 122, Sec. 5541 (94) C. G. L., Perm. Supp. 1936, limits the period within which suit can be brought thereon.

The respondent Walker, within the eight-month period, took action to bring actual notice of her claim to the relator, and after obtaining no relief by this method, in due course revived her action within the time limited by Section 122. This affirmatively shows the respondent did not sleep on her rights and that the revivor was seasonable. On the other hand, the relators have not charged the above respondent with a want of due diligence, nor have they shown they have been prejudiced.

On these facts, it is our conclusion that the circuit court did not lack jurisdiction, and the writ of prohibition should be denied.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.