TILLMAN PEARSON, Judge.
The appellant, Milton Field, brought an action at common law for a claimed real estate commission against Ernest W. New-som on November 1, 1961. Thereafter, Ernest W. Newsom died and letters testamentary were issued to Ruby S. Newsom and Anna Lou S. Entsminger by the County Judge’s Court in Duval County, Florida. Notice to creditors was published on May 17, 1962, and pursuant thereto, on the 18th of September 1962, the plaintiff filed his claim in the Estate. On September 24, 1962, the executrices caused an objection to the claim to be served on the plaintiff. This action was taken pursuant to § 733.18 Florida Statutes, F.S.A. as it existed in 1962 which provided in part as follows:
“ * * * If objection is filed, the person filing it shall serve a copy of such objection by registered mail or personal service on the creditor to whose claim he obj ects and also on the personal representative if the objection is filed by any interested person other than the personal representative. In such event, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim. * * * ”
On December 6, 1962, the plaintiff filed his motion in the trial court on the action commenced November 1, 1961, to substitute Ruby S. Newsom and Anna Lou S. Ents-minger, executrices of the Estate of Er *51 nest W. Newsom, as parties-defendant pursuant to Florida Rule of Civil Procedure 1.19(a) (1), 30 F.S.A. which provides as follows:
“RULE 1.19 SURVIVOR. SUBSTITUTION OF PARTIES
“(a) Death.
“(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any interested party and, together with the notice of hearing, shall be served on the parties as provided in Rule 1.4 and upon persons not parties in the manner provided by law.”
The plaintiff, however, did not bring a suit against the Estate within two months after service of objection to his claim, nor did he revive his suit against the deceased defendant by substituting the representatives of the Estate within such time. See: Schilling v. Biggs, 108 Fla. 351, 146 So. 559 (1933); State ex rel. Courtney v. Harrison, 145 Fla. 727, 200 So. 345 (1941). Thereafter, upon a presentation of these facts by affidavit, the trial judge entered what was in effect a summary final judgment for the defendant. The basis of this judgment was the conclusion of law of the trial judge that the claim was barred by that portion of § 733.18 quoted above.
The appellant urges that the final judgment was in error because the portion of § 733.18 quoted is not applicable to a situation where a suit is pending against the deceased at the time of his death, especially in view of the provisions of Rule 1.19(a) (1) Florida Rules of Civil Procedure and § 45.11 Fla.Stat., F.S.A.[1]
The Supreme Court of Florida, in setting forth the intent of the Florida Probate Act, has indicated that claims be timely filed and that suits proceed within the statutory time. Bedenbaugh v. Lawrence, 141 Fla. 341, 193 So. 74; see also: Davis v. Evans, Fla.App. 1961, 132 So.2d 476; 14 Fla.Jur., Executors and Administrators, §§ 142, 149, and cases cited therein. It is apparent that plaintiff did not fully comply with § 733.18 Fla.Stat. Furthermore, he did not file a motion for an extension of time in which to bring a suit against the Estate, nor is “good cause” indicated in the record for granting such an extension. In Re Goldman’s Estate, Fla. 1955, 79 So.2d 846.
We hold that the two-year limitation of Rule 1.19(a) (1), Florida Rules of Civil Procedure, was not intended to apply to a situation such as the instant case and that the time limitations set forth in § 733.18 Fla.Stat. are controlling. Cf., Toney v. Adair, Fla.App.1960, 120 So.2d 622.
The appellant has raised two other points, one going to the method of service of the objection to the claim, and the other directed to whether or not the defendant-ap-pellees filed their objection to the plaintiff’s claim in the County Judge’s Court in accordance with § 733.18 Fla.Stat. We have examined the record in the light of each of these points and find them to be without substance.
The judgment of dismissal is therefore affirmed.
Affirmed.

. Fla.Stat. 45.11
“Actions; surviving death of party.— No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law.”