RAWLS, Chief Judge.
Appellant-Plaintiff Eugene C. Cloer appeals a Summary Final Judgment dismissing his complaint against Appellee-Defendant Alma May Shawver, as Executrix under the Will of Titus Itly Shawver.
The facts are lengthy but necessary. On August 1, 1961, Cloer filed his complaint alleging that by reason of Titus Itly Shaw-ver’s negligence he was injured in an automobile accident. Shawver filed his answer on August 10, 1961 denying any negligence and alleging contributory negligence on the part of Cloer. The court entered its pretrial order on November 28, 1961, setting the cause for trial on February 19, 1962. Pursuant to stipulation of the parties the court entered its order continuing the cause until further order of the court. Other steps were taken toward bringing the cause to issue, which are not material to the issues here presented, and will not be detailed.
It was on April 5, 1963 that the proceedings began that brought about this controversy. On that date plaintiff Cloer filed a “Suggestion of Death of the Defendant and Motion for Substitution of Alma May Shawver, as Executrix under the Will of Titus Itly Shawver,” served a copy of same by mail upon the attorneys of record for defendant Titus I. Shawver, and concurrently therewith set the matter for hearing. Plaintiff did not at this time give notice to the executrix of such substitution of parties. The court entered an order on May 21, 1963 substituting the executrix as party defendant and directing that the cause proceed. On February 18, 1964, plaintiff filed a motion to vacate the order of revival and all proceedings subsequent to May 21, 1963, stating therein that a potential controversy had arisen as to the court’s jurisdiction of the person of Alma May Shawver, executrix of the will of defendant-decedent. On the same day the court entered its order vacating the order of revival entered May 21, 1963, and all subsequent proceedings, with leave for plaintiff to proceed further in the cause “as may be provided by law.” Plaintiff’s next step was to serve upon the executrix a copy of the suggestion of death of defendant and motion for substitution of executrix as party defendant, which instruments had been filed on April 5, 1963. The original return reflected that service of same was duly made upon the executrix by the sheriff of Volusia County on March 5, 1964, and filed in the clerk’s office on March 10, 1964.
*693 The executrix filed her answer and objections to the suggestion alleging as an affirmative defense that plaintiff’s claim was barred by the non-claim statute and by reason of the following proceedings in the probate court:
March 28, 1963 — Cloer filed his claim. April 16, 1963 — Objections to claim were filed.
More than 2 months elapsed.
December 19, 1963 — Cloer filed a petition for an order extending time in which to revive pending suit.
February 10, 1964 — The probate judge denied the extension, denied the petition of the executrix to bar the claim of Cloer “pending the final determination of said cause in said Circuit Court” and refused to discharge executrix “for a reasonable time so that appropriate orders may be made in the Circuit Court on any matters properly coming before it on the pending matters.”
The trial judge entered an order on the 10th day of April, 1964 substituting the executrix as party defendant and allowed 20 days for her to file her answer, or additional defenses. On June 1, 1964, the trial judge entered an order allowing the parties 20 days in which to file sworn certificates as to all dates of filing, and on June 18 defendant submitted an affidavit of the clerk of the circuit court, which recited:
“Plaintiff’s Suggestion of Death of Titus I. Shawver and Plaintiff’s Motion for Substitution of Executrix as Party Defendant was filed March 10, 1964 and served on the Executrix March S, 1964.”
We pause to note that the contents of the above affidavit do not coincide with the original record before us. As stated above, the record reveals that plaintiff’s suggestion of death of defendant and motion for substitution of executrix as party defendant was filed April 5, 1963 and that a conformed copy was filed by the clerk of the circuit court as of March 10, 1964, together with the sheriff’s return. This copy bears the following typed notation: “Filed in the office of the Clerk of the Circuit Court, Volusia County, Florida, Apr S, 1963, Jess Mathas, Clerk, By Rachael Andrews, Deputy Clerk.” It is apparent from the record that the foregoing affidavit of the clerk was predicated upon the filing of the conformed copy and not upon the original, and in this respect was in error.
This brings us to the summary judgment of dismissal entered on July 28, 1964 in which the trial judge found upon the evidence that the objections to the claim against the estate were filed on April 16, 1963; that on February 10, 1964, the county judge denied plaintiff’s motion for the order extending time to revive suit; and that suggestion of death and motion for substitution were filed on March 10, 1964; and therefore, plaintiff failed to bring this action within 2 months after service upon him of the objections to his claim as required by § 733.16, Florida Statutes, F.S.A.
Of course, the essential question is whether the trial judge erred by entering the summary final judgment of dismissal. In answering this question it is essential that we examine the appropriate rules and statute bearing upon the subject and determine what constitutes the “bringing of an action.”
The critical rule is 1.19, Florida Rules of Civil Procedure, 30 F.S.A., which provides inter alia:
“If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party.”
It is apparent that appellant complied with the foregoing provision, for the record discloses that the motion for substitution of service was filed on April 5, 1963, which was within “two years after death” as provided by the rule. We are next con *694 fronted with the provisions of § 733.18(2), Florida Statutes, F.S.A., which reads in part:
“On or before the expiration of eight calendar months from the first publication of notice to creditors, any personal representative * * * may file * * written objection to any claim * * and if such objection is filed, the claimant shall have ten calendar months from the first publication of notice to creditors in which to bring appropriate suit, action or proceeding upon such claim unless the time is limited as hereinafter provided. * * *
“If objection is filed, the person filing it shall serve a copy * * * on the creditor * * *.
“In such event, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim.”
The instant suit was filed prior to the death of defendant, so the real question narrows down to the point of whether the filing by plaintiff of the motion for substitution of parties constituted a bringing of “appropriate suit, action or proceedings” as contemplated by the statute. Or stated another way, do the pertinent provisions quoted from Rule 1.19(a) and § 733.18(2), Florida Statutes, require that service of the motion for substitution of parties be accomplished upon the executrix within the two months period prescribed in § 733.18 (2), Florida Statutes, F.S.A.? We think not.
Rule 1.2(a), which provides: “Every suit of a civil nature shall be deemed as commenced when the complaint is filed; * * * ”, has been construed to mean what it says; that is, the filing of the complaint constitutes the bringing of the action so that such tolls the running of the statute of limitations.[1] By the same reasoning, where a suit is pending prior to the death of the defendant, the filing of the suggestion of death and the motion for substituting the representatives of the estate as party defendants is equivalent to the filing of a complaint against the estate. Therefore, such motion for substitution must be filed within the two months allowed in § 733.18[2]
Defendant urges that the identical argument advanced by plaintiff in the instant cause was rejected in Field v. Newsom,[3] There, as here, suit was filed prior to the death of defendant. However, in the Field case plaintiff did not file a motion for substitution of parties until after expiration of the 60 day period as provided in § 733.18, Florida Statutes, and failure to-comply with said statute required a dismissal of the cause irrespective of the provisions contained in Rule 1.19(a) (1).
We conclude that the plaintiff performed the essential steps necessary to-“bring appropriate suit, action or proceeding” as contemplated by § 733.18, Florida. Statutes, F.S.A.
The summary final judgment appealed is. hereby reversed, and the trial court is directed to reinstate the cause for further-proceedings.
STURGIS and WIGGINTON, JJ., con- . cur.

. Dibble v. Jensen, 129 So.2d 162 (Fla. App.3d, 1961); Klosenski v. Flaherty, 116 So.2d 767, 82 A.L.R.2d 664 (Fla. 1959), wherein Roberts, J. stated: “It should be noted that, since the repeal of § 95.01, Fla.Stat., by Ch. 29737, Laws of Florida, Acts of 1955, F.S.A., the provisions of Rule 1.2, Fla.Rules Civ.Proc., are controlling, so that the statute of limitations is tolled by the filing of the complaint in a civil action.”

. Field v. Newsom, 170 So.2d 50 (Fla., App.3d, 1964) and cases cited therein.

: Ibid.