183 So.2d 843 (1966)
Frances KORNBLUM, As Executrix under the Will of E.L. Kornblum, Deceased, Appellant,
v.
Douglas HEFLIN, Appellee.
No. 5617.
District Court of Appeal of Florida. Second District.
February 9, 1966.
Rehearing Denied March 21, 1966.
Kirk, Pinkerton, Sparrow, Trawick & McClelland, Sarasota, for appellant.
John W. Burton, Wauchula, for appellee.
LILES, Acting Chief Judge.
This is an appeal from a final judgment in favor of plaintiff-appellee entered against the defendant-appellant by the trial judge.
*844 Plaintiff sued E.L. Kornblum on a plumbing subcontract for work done on an addition to an existing motel. After Kornblum had filed an answer and counterclaim, he died. Defendant, as executrix of decedent's estate, filed a motion to substitute herself in Kornblum's place as a party to the action pursuant to Rule 1.19(a), Fla.R.Civ.P., 30 F.S.A. The trial judge granted defendant's motion and entered the order of substitution on April 22, 1963. On March 2, 1964, defendant filed a Motion to Supplement Answer, and on May 12, 1964, she filed a Motion for Summary Judgment. Both of these motions were based upon the fact that plaintiff had not filed a claim with the probate court having jurisdiction over decedent's estate within six months from the first publication of notice to creditors on April 15, 1963. Defendant sought to invoke the provisions of § 733.16, Fla.Stats., F.S.A., the non-claim statute, as a bar to plaintiff's claim.
The trial judge denied defendant's motion to supplement her answer and declared that her motion for summary judgment, which was based on the proposed supplement, had become moot. The case was heard on the merits, and a final judgment was rendered in plaintiff's favor.
Section 733.16(1), Fla.Stats., F.S.A., provides in part that no claim shall be valid or binding upon an estate unless the claim is filed in writing in the office of the probate court within six months after the first publication of notice to creditors. The provision goes on to state:
"* * * Any such claim or demand not so filed within six months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing * * * shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner within the said six months as aforesaid; * * *." (Emphasis added.)
This section seems to place the burden upon a claimant to file his claim against an estate within the prescribed period in order to preserve its validity. "Pending," of course, means begun but not yet completed, and a suit is "pending" from its inception until the rendition of a final judgment. Black Law Dictionary (4th ed. 1951). There is no question that suit was "pending" within the meaning of quoted section and that plaintiff, by failing to file his claim, did not comply with the requirements of that portion of the statute.
Section 733.16(1) (a), provides, however, that:
"* * * [I]f suit upon any such claim or demand is filed and service of process therein had upon such personal representative within six months from the time of the first publication of the notice to creditors, the claim or demand asserted by such suit shall not be impaired or affected by failure to file in the office of the county judge granting letters a claim or demand in manner and form as hereinabove provided, but such failure shall operate to preclude the plaintiff in such suit from recovering any suit costs or attorneys fees as an incident thereto; and the personal representative shall file in the office of the county judge granting letters a suggestion of the pendency of such suit and the same shall be entered on the claim docket." (Emphasis added.)
This subsection, when considered together with Section 733.16(1), leaves much to be desired in the way of clarity, however it seems to place the burden upon the personal representative to notify the probate court of a claim; providing, of course, that claimant has filed suit and obtained servvice *845 upon the personal representative within the required time period. The question is whether the facts of this case put plaintiff within the protection of subsection (1) (a); i.e. has suit been "filed" and "service of process" therein had upon defendant personal representative within the time limits.
While this question has not been specifically answered since the phrase "whether suit be pending at the time of the death of such person or not" was added to § 733.16(1), Fla.Stats., F.S.A., we are aided somewhat by the recent case of Cloer v. Shawver, 177 So.2d 691 (D.C.A.Fla. 1965). Cloer had filed suit against Titus Shawver seeking damages for injuries received as a result of Shawver's alleged negligence. Shawver filed his answer and the case was set for trial. He died before the case was tried. Cloer filed his claim with the probate court, and the executrix filed objections to said claim. Cloer filed a motion to substitute the executrix as a party defendant. This motion was filed within two months from the service of the executrix's objections, but it was not served upon her until sometime later. Executrix sought to bar Cloer's action under the provisions of § 733.18(2) providing in part:
"* * * If objection is filed [to a claim], the person filing it shall serve a copy * * * on the creditor * * *.
"In such event, the claimant shall be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim."
The court, in reaching its decision, said:
"* * * The instant suit was filed prior to the death of decedent, so the real question narrows down to the point of whether the filing by plaintiff of the motion for substitution of parties constituted a bringing of `appropriate suit, action or proceedings' as contemplated by the statute. Or stated another way, do the pertinent provisions quoted from Rule 1.19(a) and § 733.18(2), Florida Statutes, require that service of the motion for substitution of parties be accomplished upon the executrix within the two months period prescribed in § 733.18(2), Florida Statutes. F.S.A.? We think not.
"[1] Rule 1.2(a), which provides: `Every suit of a civil nature shall be deemed as commenced when the complaint is filed; * * *', has been construed to mean what it says; that is, the filing of the complaint constitutes the bringing of the action so that such tolls the running of the statute of limitations. By the same reasoning, where a suit is pending prior to the death of the defendant, the filing of the suggestion of death and the motion for substituting the representatives of the estate as party defendants is equivalent to the filing of a complaint against the estate. * * *" 177 So.2d at 694.
While the case dealt with the provisions of § 733.18, Fla.Stats., F.S.A., rather than § 733.16, we feel the situation before us is sufficiently analogous to apply at least part of that reasoning. We are of the view that the filing of a motion to substitute a personal representative as a party defendant is also the equivalent to filing suit against an estate within the meaning of § 733.16(1) (a). Since that subsection provides a definite time period for service upon the personal representative as well as the filing of suit, both must occur within six months from the first publication of notice to creditors.
In this case, however, defendant rather than plaintff substituted herself as a party defendant within the six months time period. This is proper procedure under Rule 1.19(a), Fla.R.Civ.P., which provides that, "* * * The motion for substitution may be made by the successors *846 or representatives of the deceased party or by an interested party * * *." (Emphasis added.) By so doing, defendant voluntarily submitted herself to the court's jurisdiction, and formal filing and service upon defendant were therefore unnecessary.
In view of the foregoing, the trial judge did not abuse his discretion in refusing to allow defendant to supplement her answer nor in ruling that her motion for summary judgment was thereby moot. The judgment appealed is affirmed.
HOBSON and KANNER, (Ret.), JJ., concur.