421 So.2d 752 (1982)
In re the ESTATE OF Jane Greer Kelly BROWN, Deceased.
SHELBY COMPANY LIMITED, Appellant,
v.
Wilson SMITH, Esq., As Successor Personal Representative of the Estate of Jane Greer Kelly Brown, Appellee.
No. 81-2130.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Robert L. Beals of DiGiulian, Spellacy & DiChiara, Fort Lauderdale, for appellant.
Arthur J. England, Jr., of Steel, Hector & Davis, Miami, for appellee.
WALDEN, Judge.
Shelby Company Limited ("Shelby") filed a claim in the Estate of Jane Greer Kelly Brown ("Estate"), which Estate was being administered in Florida. The trial court, upon Petition of the Successor Personal Representative, struck the claim. Shelby appeals. We reverse.
History. Shelby's assignor, H. Brent Kelly, filed a counterclaim in a Bermuda lawsuit that the decedent, Jane Greer Kelly Brown, had initiated. Thereafter, Shelby filed a timely claim here in the Estate based *753 on "that certain counterclaim filed by H. Brent Kelly against Jane Greer Kelly in the Supreme Court of Bermuda, Case No. 1997 n.o. 184." The claim in the Estate was in excess of $150,000.00 and was described as being contingent upon "a finding of liability and proof of damages in [the Bermuda lawsuit]." Jane Greer Kelly Brown died on September 5, 1980, and Joseph Brown, as personal representative, substituted for the decedent in the Bermuda law suit. H. Brent Kelly obtained a default judgment on his counterclaim in Bermuda. In April 1981, Joseph Brown, personal representative, sought to have the judgment set aside.
Without particular detail, an objection was filed in the Estate to Shelby's claim. Certain stipulations were made and on October 5, 1981, the successor personal representative, moved to strike Shelby's claim, saying:
"1. Shelby Company Limited filed a Statement of Claim in this estate, which Claim was objected to by the Successor Personal Representative.
2. The Successor Personal Representative entered into a Stipulation with the attorneys of record for Shelby Company Limited, a copy of which is attached hereto as Exhibit A, which extended the time for Shelby Company Limited to bring an independent action on its Claim until 30 days after receipt of notice in writing from the Successor Personal Representative.
3. The Successor Personal Representative has served the written notice as provided in the Stipulation on Shelby Company Limited, stating that an action to enforce its Claim against the estate must be commenced within 30 days, which notice was received by the Shelby Company Limited attorneys of record on July 27, 1981. A copy of the written notice, together with proof of delivery, is attached hereto as Exhibit B.
4. More than 30 days have elapsed since delivery of the written notice, but no action has been taken to enforce the Claim of Shelby Company Limited and the Claim is, therefore, barred by Section 733.705 of the Florida Statutes."
The recitals were accurate and the trial court struck the claim upon the basis that Shelby had not met the requirements of Section 733.705(3), Florida Statutes (1980) (which provides a cut off date for filing an independent action on a claim after objection) or the extension of time provided by stipulation. This appeal ensued.
Because of the pendency of the Bermuda litigation, this being a jurisdiction chosen by the decedent and acquiesced in by her personal representative when he voluntarily substituted himself, we are of the opinion that it was unnecessary for Shelby to file an independent action in Florida as concerns the Estate. The Bermuda action was the equivalent of such procedure. Cloer v. Shawver, 177 So.2d 691 (Fla. 1st DCA 1965); Kornblum v. Heflin, 183 So.2d 843 (Fla. 2d DCA 1966), cert. denied, 189 So.2d 632 (Fla. 1966), and Brown v. Wood, 202 So.2d 125 at 128 (Fla. 2d DCA 1967).
We believe that the rationale and purpose of Section 733.705, Florida Statutes (1980) is to uncover and resolve or bar all pending claims against an Estate so that the administration can be processed expeditiously to the end that assets may be marshalled, proper creditors paid, and distribution made. In cases such as this where litigation of the matter forming the basis of the claim is pending with the personal representative voluntarily participating, it is obvious that the existence of the claim is known and objected to, and that it is already in the process of judicial determination. It would be duplicitous and serve no useful purpose to require the claimant to again make known his claim and file a second independent action. Such a step would in nowise aid the administration. It would only create needless expense to those involved plus an added burden to the courts.
The Estate attempts to distinguish the Cloer and Kornblum cases. It agrees that an action properly filed in the courts of a sister state can be the predicate for and serve as the equivalent of "an independent action" under the statute. However, it is the Estate's position that litigation in a foreign place such as Bermuda may not *754 form such predicate because a Bermuda judgment might not have the same stature as that of a sister state. This may be true. Regardless, we reject the notion that the difference is controlling. The Estate can hardly be heard to say that Bermuda is an ineffective forum when the decedent selected it and energized its judicial machinery against Shelby's assignor, and where the personal representative voluntarily entered the suit and took up the cudgels on behalf of the Estate. Moreover, a Bermuda judgment is valid here under the principles of comity (even assuming the Estate is not barred from raising objections to the judgment by its participation there under the principles of waiver or estoppel) if the Bermuda court had jurisdiction and the judgment resulted from procedures which would render it valid had it been litigated in this Court. Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1948).
Finally, the Estate says that Shelby was absolutely obligated by the terms of the stipulation to file an independent action here in Florida or, failing to do so, suffer dismissal of its claim. We disagree.
The stipulation did not mention the Bermuda action or evince any notion of its abandonment and the election of Florida as the sole forum. Indeed, it would be impossible for Shelby to disengage in Bermuda without default or prejudice. The Bermuda claim was still undecided and unliquidated. Thus, even if Shelby filed the action here in Florida, it would probably have to lie dormant pending the ripening and disposition in Bermuda since the claim here depends upon the outcome there. Again, as we see it, Shelby had the option of paralleling the Bermuda suit by filing an action here. However, it was not required to do so and, under the circumstances, could elect not to proceed further here in Florida. We fail to see where the Estate has been in anywise prejudiced by the disinclination of Shelby to pursue the action here, but to the contrary.
We reverse and remand with instructions to reinstate Shelby's claim.
REVERSED and REMANDED.
LETTS, C.J., and ANSTEAD, J., concur.