OWEN, WILLIAM C., Jr., Senior Judge.
The Personal Representative (“PR”) of the Estate of Charles William Lewsadder served objections to the timely filed claims of Martha Martinez, Leland Spencer and Drake Capital. More than thirty days thereafter the PR petitioned the probate court for an order striking those claims for failure to timely file the independent actions required by section 733.705(4), Florida Statutes (1997). The court denied the petition to strike. We reverse as to the claims filed by Martinez and Spencer, and affirm as to the claim filed by Drake Capital.
The times and sequence of events are relevant. In June, 1997, in an arbitration proceeding then pending in California, the National Association of Security Dealers (NASD) entered an award of $479,800 in favor of Martha Martinez and Leland Spencer against their broker, Charles William Lewsadder, and Drake Capital, the brokerage firm for which Lewsadder was employed. On December 2, 1997, after Lewsadder had moved to Florida, Martinez and Spencer filed an action in the California state court to confirm the foregoing arbitration award. Lewsadder died December 18, 1997 and his estate was *1223 opened for probate in Martin County, Florida in March, 1998. On April 15,1998, Martinez and Spencer mailed to the PR a copy of their petition to confirm the award, and on April 20, 1998, each filed a claim with the estate for the amount of the arbitration award. On the latter date, Drake Capital filed a Claim in the estate for $500,000 based upon Lewsadder’s indemnification agreement. On May 8, 1998, the PR served on each of these three claimants an objection to their respective claims, thereby triggering the thirty day time limitation of section 738.705(4) for the claimants to bring an independent action upon the claims.
At the time the PR served claimants Martinez and Spencer with the objection to their claims, the PR was aware that the claimants’ petition for an order confirming the arbitration award was pending in the California state court and that a hearing on that petition was scheduled for May 22, 1998. Despite such knowledge, the PR did not attend the hearing. Based on the arbitration award entered against Charles William Lewsadder, the California court entered an order on May 22, 1998 confirming the award as against the Lewsadder Estate. A copy of that order was served on the PR ten days later. Significant to our decision, neither Martinez nor Spencer ever filed in the California proceeding a suggestion of death or a motion to substitute Lewsadder’s PR as a defendant, nor did the PR ever voluntarily appear in the California proceeding as a defendant. Except to the extent the California petition for confirmation of the arbitration award might be so considered, neither Martinez nor Spencer filed an “independent action”on their respective claims.
Within thirty days of being served with an objection to its claim, Drake Capital, pursuant to the mandatory terms of the indemnity agreement between it and Lew-sadder, filed a petition with the NASD for arbitration on its claim against the estate. Otherwise, Drake Capital filed no “independent action” on its claim.
In due course the PR moved the Probate Court to strike the three claims as barred for the claimants’ failure to bring “independent actions” on their respective claims within the thirty day limitation of section 733.705(4). In their joint response to that petition, the- three claimants argued the efficaciousness of the actions they had taken and, in the alternative, should the court find that the actions taken were not sufficient compliancé with the statute, sought an extension of time within which to bring such action. At the hearing on the petition to strike the claims the court concluded, since it was denying the petition, that a hearing on the claimants’ request for an extension of time to bring an action was rendered moot and therefore need not be considered. The court thereafter entered the order here appealed, in which it denied the petition to strike the claims, ruling that (1) the California suit to confirm an arbitration award which had been filed by Martinez and Spencer against Mr. Lewsadder, and which was pending at the time of his death, was sufficient compliance as to the claims of Martinez and Spencer, notwithstanding that the PR had not been substituted as a defendant in that suit, and (2) the petition for arbitration filed with the NASD by Drake Capital against the PR within thirty days of service of objection to Drake’s claim was sufficient compliance as to Drake’s claim.
Florida Statute; section 733.705(4) states in pertinent part:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim,.... No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is thereafter forever barred without any court order.
Paraphrasing language of the late Judge Walden, the purpose of this statute is to resolve or bar all pending claims against an estate so that the administration can be *1224 processed expeditiously. See In re Brown’s Estate, 421 So.2d 752, 753 (Fla. 4th DCA 1982). Thus, in applying this statute and its similarly worded predecessor statutes, the courts have held that an action.pending against a defendant at the time of the defendant’s death will suffice to satisfy the “independent action” provision of the statute when there has been a substitution of the personal representative of the decedent’s estate, either by timely filed motion for substitution, see Cloer v. Shawver, 177 So.2d 691, 694 (Fla. 1st DCA 1965), or by the personal representative’s voluntary substitution. See, e.g., Shessel v. Estate of Calhoun, 573 So.2d 962, 962 (Fla. 3d DCA 1991); In re Estate of Brown, 421 So.2d at 753. Our attention has not been drawn to any decision in this jurisdiction holding that a pending action, in which the defendant’s PR had not been properly substituted, satisfied the statute’s provision for bringing an independent action.
In the California action filed by Martinez and Spencer to confirm the arbitration award, which , was pending at the time of Mr. Lewsadder’s death, the PR of his estate was never substituted as a defendant, nor was any motion for substitution filed in that action as required by the California Rules of Procedure. On the basis of the authorities cited above, we hold that the court erred in concluding that the pending California action to confirm the arbitration award was sufficient for claimants Martinez and Spencer to satisfy the “independent action” requirement of section 733.705(4). Accordingly, that portion of the order appealed is reversed, but remanded for further consideration.
As mentioned above, the probate court had before it the claimants’ application for an extension of time within which to bring an independent action, but the court felt it unnecessary to hear argument or to rule on that application in view of the ruling which the court announced it would enter. Upon remand, the probate court may, in its discretion, consider the claimants’ motion for extension of time, taking such evidence and hearing arguments as it may deem appropriate. Unless the court, as a result thereof, finds good cause shown and grants the extension, it shall enter an order striking the claims of Martinez and Spencer.
The probate court also ruled that Drake Capital’s timely filed demand for arbitration on its claim against the estate satisfied the “independent action” provision of the statute. Appellant contends here that the statute contemplates the filing of a civil action in a court of law and that an arbitration proceeding is not a civil action, citing as analogous Miele v. Prudential-Bache Securities, Inc., 656 So.2d 470, 472-73 (Fla.1995)(holding that arbitration is not a civil action as that term is used in section 768.73 Florida Statutes (1991)). However, section 733.705(4) requires a claimant, to whose claim an objection has been served, to bring an “independent action” not a “civil action.” The former, though certainly encompassing the latter, is a broader term. Drake’s claim arises out of an indemnification agreement which mandated arbitration as the means by which disputes arising thereunder were to be resolved. Adopting appellant’s argument would effectively bar any claim that arises out of an agreement providing for mandatory arbitration, once an objection thereto had been served. We hold that where a claim against an estate is one arising out of an agreement that provides for mandatory arbitration as the means by which disputes thereunder must be resolved, a timely filed application for arbitration of the claim is an “independent action” within the meaning of section 733.705(4). Consequently, that portion of the order denying appellant’s motion to strike the claim of Drake Capital is affirmed.
REVERSED, in part, AFFIRMED, in part, and remanded "for further proceedings.
GUNTHER and GROSS, JJ., concur.