ON MOTION TO DISMISS
WIGGINTON, Judge.
Appellee, as administrator ad litem of the estate of Florence I. Herían, deceased, has filed a motion to dismiss this appeal on the ground that the court lacks jurisdiction under the restrictive provisions of Article V, Section 5, of the Florida Constitution, F.S.A.
Appellee filed in the trial court a petition for an order allowing and fixing the amount of fees, commissions and reimbursement for expenses to which he is entitled for services rendered the estate. Upon conclusion of the hearing on appellant’s objection to the petition an order was entered which provides in pertinent part as follows:
“5. The petition of Walter A. Shelley, as administrator ad litem, for allowance of a commission, attorneys’ fees and reimbursement of expenses is granted. The Court reserves jurisdiction to receive evidence and to determine the proper amount of such commission, fees and expenses at a subsequent hearing which shall be scheduled by counsel for the administrator ad litem upon reasonable notice.”
Article V, Section 5, Florida Constitution, delimiting the jurisdiction of this court, provides that: “Appeals * * * from final orders * * * of county judge’s courts pertaining to probate matters * * * may be taken to the court of appeal of such a district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.” The critical question posed by the pending motion is whether the order appealed herein is final in character and therefore within this court’s appellate jurisdiction.
In interpreting the above-quoted jurisdictional provision of the Constitution, this court in the case of In Re McClellan’s Estate [1] said:
“With respect to matters of probate, the Constitution restricts the jurisdiction of this court to appellate review of final orders or decrees entered by county judge’s courts. It is clear that appeals may not be taken to this court from interlocutory orders entered by county judge’s courts in probate proceedings. The party aggrieved from such class of order must therefore await the entry of a final order or decree before seeking review of an allegedly érroneous interlocutory order entered in the course of the proceeding.”
*276 Our decision in McClellan was predicated in large measure upon the decision by the Third District Court of Appeal in the case of In Re Nolan’s Estate[2] in which the court said:
“ * * * The finality of an order, such as the one with which we are here concerned, depends upon the party aggrieved, i. e., whether the order appealed finally determined the particular question as to such party. * * * ”
In pronouncing the rule to be applied in making a determination as to whether an order or a judgment of a county judge’s court sitting as a court of probate is final in character to the extent necessary to support an appeal, our Supreme Court in Smoak v. Graham [3] said:
“ * * * The decisions in Nolan and McClellan rest upon the premises that the judicial labor of the probate court upon the controverted claim is not complete until same is ultimately ordered paid if and when claimant obtains a favorable judgment by independent action.
“We think the district court in the instant case correctly found that the probate court completed its judicial labor on the controverted claim when it denied payment and sustained objections so as to require independent suit thereon. * * íjí »
From the foregoing it would appear that the ultimate criterion which determines whether an order in probate entered by a county judge’s court is appealable turns on the question of whether the order is such as to clearly manifest that the right of the party aggrieved has been finally determined and all judicial labor regarding the matter in controversy has been completed. In the case sub judice the order sought to be reviewed on this appeal went only so far as to adjudicate appellee’s entitlement to fees, commissions and expenses for services rendered the estate. Jurisdiction of the court was specifically reserved for the purpose of fixing the amount to be allowed the administrator depending upon proof to be adduced at a subsequent hearing. It is therefore our view that the judicial labor in connection with the claim in controversy has not yet been completed and the probate court’s action will not become final until judgment in accordance with the prayer of the petition is rendered. For these reasons the order here reviewed is interlocutory in character and not appealable at this stage of the proceeding.
We have not overlooked Rule 5.100 governing Probate and Guardianship Procedure which is as follows:
“All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the supreme court as provided by Section 4, Art. V of the state constitution. Appeals provided by this rule shall be governed by the Florida appellate rules including the right to supersedeas.”[4]
Appellant contends that the order he brings here for review is final and appeal-able because it determines the rights of the parties insofar as concerns the entitlement of appellee to an award for compensation, fees and expenses as prayed for in his petition. It is our view, however, that such ruling by the court is only a partial determination of the petition as a whole and is not such a final order on which all judicial labor has been completed and the rights of the parties determined as to support an appeal.
For the foregoing reasons, the motion of appellee is granted and this appeal stands *277 dismissed without prejudice to the right of appellant to review the propriety and correctness of the order after final judgment.
Appeal dismissed.
JOHNSON, C. J., and RAWLS, J., concur.

. In Re McClellan’s Estate, (Fla.App.1960) 124 So.2d 501, 502.

. In Re Nolan’s Estate, (Fla.App.1959) 114 So.2d 341, 343.

. Smoak v. Graham, (Fla.1964) 167 So.2d 559, 560.

. Rule 5.100, P.G.R.