692 So.2d 956 (1997)
Donald I. REHMAN, Appellant,
v.
ESTATE OF George L. FRYE, Jr., etc., Appellee.
No. 97-545.
District Court of Appeal of Florida, Fifth District.
April 16, 1997.
Donald I. Rehman, Longwood, pro se.
Allen J. McKenna of Garwood, McKenna, McKenna & Wolf, P.A., and Theodore R. Baumgardner, Orlando, for Appellee.
W. SHARP, Judge.
Rehman, a claimant in a probate proceeding, appeals from a probate court's order which granted attorneys' fees against Rehman in favor of the Estate of George L. Frye, Jr. (later assigned to ECC International Corporation), but which reserved jurisdiction to determine the amount at a later date. A hearing to determine the amount of attorneys' fees is scheduled for April 18, 1997, and *957 the appellant also seeks to stay that hearing pending resolution of this appeal.
We sua sponte noticed the parties to respond to the question of this court's jurisdiction to determine the appeal. After reviewing the parties' responses, we are convinced that we lack jurisdiction to hear this non-final appeal. In In re Estate of Herlan, 239 So.2d 274 (Fla. 1st DCA 1970), the court dismissed an appeal of a probate order granting an administrator ad litem's motion for allowance of a commission, attorneys' fees and reimbursement of expenses, but reserving jurisdiction to fix the amounts at a later hearing. The court held the order was not reviewable under Florida Probate Rule 5.100 because it was not final, and all judicial labor had yet to be completed. That rule provides in part:
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of an estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, ...
In this case, further judicial labor is required to determine the amount of attorneys' fees which should be awarded. Compare In re Estate of Cook, 245 So.2d 694 (Fla. 2d DCA 1971). Accordingly, we dismiss this appeal, without prejudice to appeal from any future order awarding attorneys' fees. The appellant's motion to review the probate court's denial of stay pending review is moot, and thus it is denied.
Appeal DISMISSED; Motion to Review Probate Court's Denial of Stay Pending Review DENIED.
DAUKSCH and GOSHORN, JJ., concur.