WIGGINTON, Chief Judge.
The administrator of Kate B. McClellan’s estate has appealed from an order of the county judge extending the time within which M. Frank McClellan is permitted to institute an appropriate suit, action or proceeding against the estate upon a claim filed by him therein, but duly objected to by the administrator. Appellant contends that appellee’s motion to extend the time for filing suit fails to show good cause as required by the statute[1], and that the county judge abused his discretion in entering the order appealed.[2]
With respect to matters of probate, the Constitution restricts the jurisdiction of this court to appellate review of final orders or decrees entered by county judge’s courts.[3] It is clear that appeals may not be taken to this court from interlocutory *502 orders entered by county judge’s courts in probate proceedings. The party aggrieved from such class of order must therefore await the entry of a final order or decree before seeking review of an allegedly erroneous interlocutory order entered in the course of the proceeding.
An order extending the time within which a claimant may file suit against an estate on a claim duly objected to by the administrator is not a final order or decree immediately reviewable by appeal. The identical question here presented was considered and passed upon by the Third District Court of Appeal in Nolan’s Estate.[4] In a well-reasoned opinion written by Judge Pearson it was pointed out that many different types of orders and decrees are entered in the course of a proceeding involving the probate of an estate. While from their very nature some of such orders and decrees are final in character and immediately appealable, many of them are not. That opinion characterizes an order extending the time for filing suit against an estate as being permissive only. Suit on such disallowed claim, although permitted, may never be instituted. If suit is commenced, it may result in a judgment favoring the estate. In either of these events an appeal from the order of extension will be obviated. If, however, such suit results in a judgment in favor of the claimant, the estate cannot be prejudiced thereby until claim on such judgment has been filed in the estate and an order entered thereon directing payment thereof by the personal representative.[5] An order requiring payment of such judgment would be final in nature and appealable directly to this court. On such appeal the administrator is then privileged to question the correctness of the county judge’s initial order extending the time within which suit could be instituted on the claim. This was the conclusion reached by the court in Nolan’s Estate, and is the only conclusion consistent with a logical interpretation of the jurisdictional limitations placed upon the power of this court by the Constitution.
For the foregoing reasons we conclude that this court is without jurisdiction at this stage of the proceeding to review the order appealed. The appeal is accordingly dismissed.-
STURGIS and CARROLL, DONALD, JJ., concur.

. “ * * * The county judge for good cause shown may extend the time for filing objection to any claim or demand and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; * * Sec. 733.18(2), F.S., F.S.A.

. Ellard v. Godwin, Fla.1955, 77 So.2d 617.

. “Appeals from trial courts in each appellant district, and from final orders or decrees of county judge’s courts pertain *502 ing to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.” Art. 5, § 5(3), Florida Constitution, F.S.A.

. In re Nolan’s Estate, Fla.App.1959, 114 So.2d 341.

. §§ 733.19, 733.20, F.S., F.S.A.