167 So.2d 559 (1964)
D. Frank SMOAK, Jr., as Administrator c.t.a. of the Estate of Frank B. Hamlin, Deceased, Petitioner,
v.
Harry W. GRAHAM, Respondent.
No. 33236.
Supreme Court of Florida.
September 9, 1964.
Rehearing Denied October 12, 1964.
*560 D. Frank Smoak, Jr., Punta Gorda, and J. Lewis Hall, Tallahassee, for petitioner.
R.O. Isphording and Boone, Hazen & Isphording, Venice, for respondent.
DREW, Chief Justice.
By petition for writ of certiorari the petitioner seeks review of a decision of the District Court of Appeal, Second District, in an appeal from an order of the County Judge of Charlotte County denying a petition for payment of a claim in probate.
The district court in its opinion[1] held, first, that the order denying petition for payment of the claim and requiring independent suit at law on same was a final and appealable order and, second, that the probate court erred in denying payment of the claim because the objections thereto were improperly permitted under F.S. Section 733.18, F.S.A.[2] The writ has been issued for alleged conflict[3] between the decision on the first point and the rulings in Estate of Nolan, Fla.App., Third District, 114 So.2d 341, and Estate of McClellan, Fla.App., First District, 124 So.2d 501, that an order is not final for appeal purposes when it permits extension of time under the above statute for suit on a claim to which objections have been filed in probate. The decisions in Nolan and McClellan rest upon the premises that the judicial labor of the probate court upon the controverted claim is not complete until same is ultimately ordered paid if and when claimant obtains a favorable judgment by independent action.
We think the district court in the instant case correctly found that the probate court completed its judicial labor on the controverted claim when it denied payment and sustained objections so as to require independent suit thereon. The above cited earlier cases from the first and third districts do collide, in our opinion, with the decision on this point in the instant case and should stand corrected to obtain a uniform construction among the districts with respect to finality of orders under Section 733.18, supra.
While the order appealed in the case at bar was framed as one denying payment of claim, the petition so styled was based solely upon a contest of the court's prior order extending time for objections. The real point adjudicated, therefore, by the *561 probate court here as well as in Nolan and McClellan, supra, was that there had been "good cause shown" for granting extension of time under the statute, in this case an extension of time to the personal representative for filing objections and in the earlier cases to the claimant for filing suit. The authority of the probate court in both instances is precisely the same under the statute, the net effect of the orders being in this case to deprive claimant of the limitation features of the statute by denying him any relief in probate unless and until he might prevail by independent suit, and, in the earlier situation, to deprive the administrator of the limitation provisions under which the claim against the estate would be foreclosed by lack of timely suit, and to require him, the administrator, to defend an independent action on the claim.
We conclude, as above indicated, that the judicial labor of the probate court is complete, for purposes of review of a ruling under Section 733.18(2), at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate. A time extension under the statute is logically unassailable thereafter in that or any other trial court, and the right of appeal should and does then accrue.
A decision on the merits of the point appealed requires a consideration of the facts and pleadings before the probate court, fully stated in the opinion below.[4] The controlling statute, Section 733.18(2), supra, provides that objections to claims against an estate shall be filed within eight months after first publication of notice to creditors by the personal representative.
Notice in this estate was first published September 1, 1960. On February 17, 1961, the respondent Graham filed a claim for $9,500 for services rendered as manager of the property of the decedent. On July 24, 1961, petitioner, the administrator, filed a motion for extension of time for filing objections on the grounds that the claim had been previously adjudicated by judgment of the Circuit Court, Twelfth Judicial Circuit, on August 30, 1956. Although this motion was filed after lapse of the statutory time, upon stipulation of claimant's counsel the motion was granted on October 24, 1961, extending time for objections for thirty days.
Earlier cases have construed this section of the probate act, or identical language in predecessor provisions, to permit extensions for good cause upon petition filed after lapse of the prescribed period.[5] The probate court, therefore, in the absence of further formal action within the time extended, and upon petition anew by the administrator on September 18, 1962, was required to evaluate his allegations[6] and alternative requests that the objections contained *562 in his petition of July, 1961, be allowed as objection to the claim, or that the time be extended once more for filing that factual statement styled formally as "Objection to Claim of Harry W. Graham." The court chose the latter course, granted a seven-day extension as of September 27, 1962, and formal objection was on that same date filed.
The discretion exercised by the probate court under the statute is, of course, to be reasonable in character, not arbitrary or absolute. Under all the circumstances detailed, however, in a situation where the entire factual basis for the objection was set forth in the initial petition for extension, to which claimant consented, we conclude that the county judge did not abuse his discretion in permitting the formality of objection at the time upon the facts and record before him. The finding on appeal, that the second petition was insufficient in its statement of legal grounds for extension of time for objections, is not on its face an application of the proper standard governing review of discretionary rulings in general, which should be sustained upon a showing of a "cause moving the court to its conclusion, not arbitrary or contrary to all the evidence."[7] The decision of the county judge, denying petition for ex parte payment of claim and holding that the objections filed were sufficient to require that the validity of the claim be established by independent action, does not on this record constitute the exercise of the unbridled power condemned in earlier cases.[8]
The writ is therefore issued, the judgment of the district court quashed, and the cause remanded for the entry of an order in accordance with this opinion.
ROBERTS, THORNAL and ERVIN, JJ., concur.
THOMAS, J., agrees to conclusion.
NOTES
[1] In re Estate of Hamlin (Graham v. Smoak), Fla.App., 157 So.2d 844.
[2] "733.18 * * *

"(2) * * * An objection filed to any unmatured claim matures the same for the purpose of the establishment of the validity and amount thereof by suit. * * * The county judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection, and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; * * *."
[3] Art. V, Sec. 4, Florida Constitution, F.S.A.
[4] Note 1, supra.
[5] Atlantic National Bank of Jacksonville v. Kirkwood (1943), 152 Fla. 59, 10 So.2d 743; In re Jeffries' Estate, 136 Fla. 410, 181 So. 833; Goggin v. Shanley (Fla. 1958), 81 So.2d 728, 730.
[6] The second petition filed Sept. 18, 1962, recited:

"3. That on the 24th day of July, 1961, your Petitioner filed a petition for extension of time to said claim, and in which petition your Petitioner objected to said claim and setting out that said claim was not justiciable for that same had previously been submitted to the Circuit Court of the Twelfth Judicial Circuit of Florida on the 30th day of August, 1956 and a final judgment entered therein rendering same res judicata. Copy of said petition was served on claimant on the 24th day of July, 1961.
"4. Thereafter ____ contacted Petitioner requesting that Petitioner not set same for hearing until Mr. ____ could investigate claimant's claim to determine whether he would represent claimant.
"5. That on the 24th day of October, 1961, this Court entered an Order extending the time for thirty (30) days.
"6. That in April, 1962, Mr. ____ notified claimant he would not represent claimant in this matter.
"7. Petitioner would show unto the Court that claimant has never complied with Section 733.16(1) (c), in that a copy of the claim was not delivered to the County Judge and no copy of same was mailed to the personal representative.
"8. Petitioner would show that the claim of claimant is barred in that claimant instituted a law suit against the decedent and your Petitioner as his Guardian on the 30th day of August, 1956, in the Twelfth Judicial Circuit Court for Florida, under Suit #1027, for the same subject matter, which resulted in a Final Judgment on the 2nd day of January, 1958, and which was satisfied, and accordingly said claim is res judicata."
[7] In re Goldman's Estate (Fla. 1955), 79 So.2d 846, 848.
[8] Ellard v. Godwin (Fla. 1955), 77 So.2d 617, 619.