SPECTOR, Judge.
Appellant seeks reversal of an order entered in Duval County Judge’s Court extending the time within which appellee could file suit in a claim against the estate, as to which claim an objection had been timely filed.
The principal question presented for our consideration is whether the trial court abused its discretion in holding that appel-lee had shown good cause for extension of time within which to file suit as required by statute. Section 733.18(2), Florida Statutes, F.S.A., requires a claimant against an estate to file suit on his claim in the appro *439 priate court within two months of service upon him of an objection to- any claim filed by him against a decedent’s estate. As for extension of such two-month period, the cited statute provides in material part the following:
“The county judge * * * may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in any of such instances, said extension of time shall be granted only after due notice of such application.”
Appellant is Administrator CTA of the estate of Olive Grace Scott. On April 19, 1968, appellee timely filed a claim against the estate herein and appellant duly filed its objection to said claim on May 2, 1968. A copy of said objection was served by registered mail upon appellee at the address reflected on the claim filed by him. Though copy of the objection was never received by appellee, the evidence shows that several attempts were made to deliver the envelope containing the notice of objection but in each instance the mail was unclaimed. Upon receiving notice from the post office that the mailing effort was not successful and same having been returned to appellant’s attorney, the latter filed a certificate with the court below stating that he had mailed the subject notice of objection to ap-pellee on May 1, 1968, and that delivery thereof was not effected. Additionally, the actual envelope and contents were filed with the court below. On the preceding day, May IS, 1968, appellant’s attorney wrote a letter to the appellee-claimant advising him of the objection and mailing thereof on May 1, 1968.
Appellant’s letter of May 15, 1968, was received by appellee as admitted by the latter’s letter to appellant dated May 24, 1968. Although said letter of the 24th denies any refusal to accept appellant’s registered letter containing the copy of formal objection to the claim, the said letter by its tenor continues on to take issue with the justification for the objection against his claim which was interposed by appellant and concludes with assertions that appellee’s claim is a valid one being founded on a written contract with the decedent. Subsequently, on May 21, 1968, appellee filed an affidavit setting forth the basis of his claim and also stated therein that he did not have notice of the registered letter noted above nor of the fact that there had been an objection to his claim.
No further action was taken by either party to the controversy until October 30, 1968, at which time all matters pending relative to appellee’s claim came on to be heard by the court pursuant to notice duly served by appellant. Pursuant to the hearing, the trial court entered its order extending the time within which appellee could file suit on his claim to November 20, 1968. In so ruling, the court held that although service of the objection upon appellee was effective and that appellee was estopped to deny service, nonetheless good cause had been demonstrated by appellee to warrant granting of the extension on authority of In Re Kemp’s Estate, 177 So.2d 757 (Fla.App.1965).
Appellant contends that the decision in the Kemp case does not support the order here being reviewed and we agree. In Kemp, the court upheld the lower court’s denial of an extension of time within which to file suit on a claim against an estate because there was no showing of conduct on the part of the estate through its agents, the effect of which conduct was to lull the claimant into any false sense of security or otherwise induce him to ignore statutory provisions limiting the time within which to file suit on the claim. In applying the rule of the Kemp case to the case at bar, the order of extension herein can remain undisturbed only if the facts with which the court below was confronted are such as to justify a conclusion that the appellant “ * * * took any action, the effect of which was to lull the appellant [in this case, appellee] into a false sense of security or *440 otherwise induce him to ignore the clear provisions of the statute.” Kemp, supra, p. 762.
The record in this cause fails to reveal any facts based upon which it could be held that appellant’s conduct contributed to or served as an excuse for the appellee claimant’s failure to timely file suit on his claim.
A reading of Kemp and the cases cited therein indicates to us that the conduct on the part of an agent of an estate which justifies the granting of an extension of time within which to file suit on a claim must be of such character as to create an estop-pel of the kind generally cognizable in equity. Here no such conduct on the part of appellant has been pointed out.
Even if it could be argued that the notice of objection served by appellant via registered mail in the manner discussed above was not effective so as to cause the running of the statutory two-month period, a matter which we emphatically do not now decide, the facts of this case make it clear that at least as of May 24, 1968, appellee was aware that an objection had been filed against his claim as manifested by his own letter of May 24, 1968, admitting that he was aware of one effort to deliver registered mail to his office and acknowledging receipt of appellant’s May 15, 1968, letter advising of the .objection. Thus, at least ás of May 15, appellee had actual knowledge of the objection and, of course, appel-lee also had constructive knowledge of the statutory requirement that he file suit on an objected-to claim within two months. On May 31, 1968, while there yet remained about one month of the time within which to institute suit, appellee filed the affidavit again reflecting his awareness of the objection to his claim.
No conduct of appellant’s is shown by this record which could be said to have lulled the claimant into a false sense of security with respect to appellant’s insistence on his objection or which would have justified appellee in ignoring the clear provisions of the statute so as to constitute a showing of good cause for granting the extension as required by Section 733.18(2). Ignorance of the law or reliance upon the validity of one’s claim notwithstanding the filing of an objection thereto does not constitute a sufficient showing of good cause so as to authorize an extension under the cited statute. In Re Goldman’s Estate, 79 So.2d 846 (Fla.1955).
Reversed.
JOHNSON, C. J., and RAWLS, J., concur.