264 So.2d 838 (1972)
Frederick W. SUTTON, Administrator, Estate of Edward J. Sutton, Deceased, Petitioner,
v.
Wilbur STEAR, Administrator, Estate of Gladys I. Stear, Deceased, Respondent.
No. 41836.
Supreme Court of Florida.
June 28, 1972.
*839 William J. Beiswanger, of Collier & Beiswanger, Palm Beach, for petitioner.
Adams & Kramer, and Will A. Nason, of Nason, Gildan & Yeager, West Palm Beach, for respondent.
DEKLE, Justice.
This certiorari results from inadvertent failure of the 4th District Court of Appeal to follow the precedent set forth in this Court's holding in Smoak v. Graham, 167 So.2d 559 (Fla. 1964), regarding what is an appealable order in probate. Instead the Fourth District at 254 So.2d 417 adhered to its own independent view to the contrary, as it did also in its decision on the same point in In re Estate of Forand, 182 So.2d 278 (Fla.App. 4th 1966). Conflict jurisdiction is apparent. Fla. Const. art. V, § 4(2), F.S.A.
Exercising discretion, we dispensed with oral argument pursuant to F.A.R. 3.10, subd. e, 32 F.S.A.
The First District was willing to recognize this Court's Smoak in receding from its holding as to jurisdiction to review in In re Estate of McClellan, 124 So.2d 501 (Fla.App. 1st 1960), without persisting in its same earlier view once Smoak appeared to the contrary. It held in its later case of Sessions v. Jelks, 194 So.2d 307 (Fla.App. 1st 1967), in accordance with Smoak when the question next arose.
Our Court in Ellard v. Godwin (Drew, J.), 77 So.2d 617 (Fla. 1955), in speaking to this question of an extension of time in probate to file objections under Fla. Stat. § 733.18(2), F.S.A.[1] had already indicated the county judge's ruling thereon to be reviewable. We referred to In re Jeffries' *840 Estate, 136 Fla. 410, 181 So. 833 (1938), and stated: (Drew, J.) (p. 619)
"Reverting to In re Jeffries' Estate, supra, we specifically pointed out that the action of the county judge in granting or refusing to grant such extensions of time contemplated by the statute was subject to judicial review. That holding, of course, is inherent in the opinions both in the Jeffries case and in Atlantic Nat. Bank v. Kirkwood, supra." (152 Fla. 59, 10 So.2d 743)
Rule 5.100 of Probate and Guardianship Procedure is to the same effect.[2]
The facts here reveal that petitioner, Administrator of the Estate of Edward J. Sutton, deceased, filed a claim against the Estate of Gladys I. Stear, deceased, on January 26, 1971. The first publication of notice to creditors was on December 1, 1970, and therefore under F.S.A. § 733.18(2) the last day for objecting to said claim was August 1, 1971. Respondent Administrator of the Estate of Gladys I. Stear, deceased, filed objections and served petitioner (claimant) with a copy thereof on August 16, 1971, or fourteen days after the expiration date under the statute. The County Judge, upon respondent's petition, extended the time to file objections; claimant appealed on the basis that respondent estate failed to show "good cause" and that the County Judge abused his discretion in granting the time extension.
Respondent estate in its petition to extend time for filing objections stated essentially that it had not appeared necessary to file objections, that claimant is not prejudiced by the extension of time, and injustice would result if the extension is not granted. Its successful motion to dismiss the appeal in the district court was based on the contention that the order rendered by the county judge was an "interlocutory administrative order," therefore is not final and affords no basis for appeal, citing In re Estate of Forand, supra. It thereby traveled a closed road. The detour signs were already up in clear view in this court's decision on the precise point in Smoak.
Respondent estate contends that there is no conflict with Smoak on the ground that our holding there is distinguished from the case at bar wherein the order granting extension was the only record before the district court; that there was no record on appeal of administrator's objections to claim nor a petition for payment of claim, as in Smoak. Such additional record in Smoak dealt with the question of "good cause" on the merits of the matter in the second issue in that opinion (a matter for disposition upon consideration of that issue by the district court). Here we are, of course, dealing only with the "appealability" of the county judge's order extending the time to file objections. The order is sufficient record. Moreover, the well-analyzed views expressed by then Chief Justice Drew in the Smoak opinion distinguish the two points there on appeal and also point out that "While the order appealed in the case at bar was framed as one denying payment of claim, the petition *841 so styled was based solely upon a contest of the court's prior order extending time for objections." (emphasis added) Justice Drew then recites the basic controlling factor as to whether the probate order is appealable in the following language: (167 So.2d p. 561)
"We conclude, as above indicated, that the judicial labor of the probate court is complete, for purposes of review of a ruling under Section 733.18(2), at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate. A time extension under the statute is logically unassailable thereafter in that or any other trial court, and the right of appeal should and does then accrue." (emphasis added)
Smoak then proceeds to a decision on the merits on "good cause" which we do not here consider.
The question of an appealable order in these circumstances could not be more clearly stated for guidance than it was in Smoak, wherein the opinion takes pains to state that its holding is set forth in order "to obtain a uniform construction among the districts with respect to finality of orders under Section 733.18, supra." (at p. 560)
We accordingly adhere to Smoak in reaffirming that an order of a county judge under Fla. Stat. § 733.18(2), F.S.A., on an extension of time is a final determination on that subject of a party's legal right thereon and is subject to appeal when rendered.
Certiorari is accordingly granted, and the order of the Fourth District Court dismissing the appeal is quashed with instructions to proceed to hear the appeal on the merits with regard to the question of whether "good cause" existed under Fla. Stat. § 733.18(2), F.S.A., for the county judge's order extending time, and thereupon to consider such record as may be necessary on that further issue.
It further appears on this conflict consideration of the question that the earlier decision of the Fourth District of In re Estate of Forand, supra, is contrary to this Court's controlling decision of Smoak v. Graham, supra, and is accordingly held to be in conflict with Smoak and not binding as precedent in the courts of this state.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and ADKINS, JJ., concur.
NOTES
[1] Fla. Stat. § 733.18 (1969): "Payment of and objections to claims. ... (2) On or before the expiration of eight calendar months from the first publication of notice to creditors any personal representative or other person interested in the estate may file in the office of the county judge written objection to any claim or demand filed. An objection filed to any unmatured claim matures the same for the purpose of the establishment of the validity and amount thereof by suit. If objection is filed, the person filing it shall, forthwith, but not later than thirty days after same has been filed, serve a copy of such objection by registered mail or personal service on the creditor or claimant to whose claim he objects and also on the personal representative if the objection is filed by any interested person other than the personal representative. Failure to serve copy of such objection as herein provided shall constitute an abandonment of the objection unless the time for service thereof be extended by the county judge for good cause shown. The creditor or claimant shall thereupon be limited to two calendar months from the date of such service within which to bring appropriate suit, action or proceedings upon such claim or demand. The county judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection, and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in any of said instances, said extension of time shall be granted only after due notice of such application. No suit, action or proceeding shall be brought against any personal representative after the time limited above. If objection is filed to the claim of any creditor and suit is brought by the creditor to establish his claim or demand, a judgment establishing such claim shall give it no priority over claims of the same general class to which it belongs."
[2] "Rule 5.100. Right of Appeal  All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal... ."

"Committee Note  ... The committee considers that an order from the county judge's court that determines the right of a party on a particular issue may be appealed to the district court of appeal before the administration of the estate is completed and the personal representative is discharged... . The committee's proposed rule is intended to define `final orders and decrees' of the county judge as an order or decree which ultimately disposes of a right of a party in the estate or proceeding." (emphasis ours) (Here the "right" is the extension or refusal. The granting or denial fixes the right of the administrator to object or the right of claimant to file or not to be required to file independent suit thereon. Nothing remains to be decided in probate on the subject.)