LETTS, Judge.
Appealed is a probate judge’s order extending the time for an estate to file an objection to a claim made against it. We reverse.
The first publication of notice of administration was on October 20, 1977. Under Section 733.705(2), Florida Statutes (1977) the time for filing an objection to any claims made ended four months later. Notwithstanding, no such objection was filed to the appellant’s properly presented claim until in excess of thirty days after the allowable time for filing objections had expired. Thereafter however, an unsworn motion for an extension of time to file objections was filed by counsel for the estate, said motion unaccompanied by any affidavits, or any other form of proof, other than a copy of a letter hereinafter referred to.
In essence, pursuant to Section 733.705(3), the motion for extension set forth as “good cause” that the personal representative was not a resident of Florida and had discussed the pros and cons of objecting to the appellant’s claim with local counsel in Ohio on whose advice she relied. It is alleged that both of them were unfamiliar with Florida Law.
Paradoxically there is also an allegation in said motion that the personal representative “had tentatively approved payment of the claim” and while the motion does not explain how this could possibly show good cause to the advantage of the personal representative, it was argued in the trial court and it is argued on appeal that a letter from the estate to the claimant (attached to the motion) lulled the personal representative into a false sense of security which accounted for her failure to object within the statutory period.[1]
As to ignorance of the law by both the personal representative and her out-of-state attorney and reliance by the personal representative on her attorney’s advice, we hold that such cannot be “good cause” under the statute. In In re Goldman’s Estate, 79 So.2d 846 (Fla.1955), our Supreme Court held in a similar situation that, mere ignorance of the law, hardship on the petitioner and reliance on another’s advice was not “good cause.” We believe that decision controls here. Moreover it was not the Ohio lawyer who wrote the letter which we will discuss hereafter, it was local counsel in Lake Worth.
As to the claim that the negotiations between the personal representative and the claimant’s lawyer lulled the estate into a false state of security we cannot agree that this was so although it was the conclusion of the trial judge that the extension of time should be granted because “it would appear that negotiations were pending for the settlement of the claim.”
The only negotiations presented in the record on appeal consist of a copy of a single letter written by the estate to the claimant’s attorney. Said letter is reproduced in its entirety as follows:
November 18, 1977
Attorney T. J. Jarvinen
[ATTORNEY FOR CLAIMANT]
508 Lake Avenue
Lake Worth, Florida 33460
*1113 RE: El Cid Property — Reichelt
Dear Mr. Jarvinen:
I have your letter of November 4, 1977. Please advise Mr. Reichelt that we will pay any bona fide expense he incurred with respect to the El Cid property. Naturally, he will have to submit a written accounting of his expenses together with substantiating documents. He will also be required to account for any rents he collected or any other benefit he derived as the purported owner of the property. I am sure that as soon as the required documents are provided, we can resolve this matter.
Very truly yours,
John E. Marke
[FLORIDA COUNSEL
FOR ESTATE]
JEM/sh
Examining this letter we do not see how the personal representative could be beguiled or bemused by it. Indeed her own lawyer wrote it and if its contents would lull anybody into a false sense of security it would have to be the claimant not the estate. Nowhere in the record is there included any testimony, by way of affidavit or otherwise, concerning any counter representations made to the estate by the claimant’s attorney. This being so, we cannot agree that this state of affairs constituted “good cause” for an extension of time under the statute. In accordance with this conclusion, we note In re Kemp’s Estate, 111 So.2d 757 (Fla.lst DCA 1965)[2] in which the court stated:
Settlements are favored in the law and the parties to prospective or pending litigation are encouraged to maintain an atmosphere in which negotiations looking toward settlement can be freely conducted; and they may do so without jeopardizing their right to pursue any relief available by resort to the courts in the event such negotiations fail and, by the same token, without prejudice to the right to assert any defense which might have been available absent such negotiations. Indeed, such negotiations are commonplace both before and after litigation i» commenced. So long as the parties deal with each other at arm’s length, and no undue advantage is taken by one of the other, settlement negotiations do not operate to suspend the running of applicable statutes of limitations or modify the rules of procedure affecting jurisdiction. (emphasis supplied)
We agree with the Kemp case. There is no suggestion that the parties before us did anything but deal at arms length and we find no evidence of undue advantage being taken by the claimant which would induce the estate to ignore the clear provisions of the statute. Parenthetically we might add that since the personal representative confesses complete ignorance of the time limitation it seems inconsistent to simultaneously claim that she was induced to forgo that very same limitation. Surely she cannot have it both ways.
This being so the cause must be reversed and remanded to the court below for the entry of a final judgment in accordance herewith.
REVERSED AND REMANDED.
DOWNEY, C. J., and MOORE, J., concur.

. The motion also attaches a second letter written by the deceased which might well refute the claim. However, there is no averment that this second letter was newly discovered. Moreover the trial judge did not base his ruling on it and it is not referred to on appeal. In consequence we do not consider it.

. See also In re Estate of Sale, 227 So.2d 199 (Fla.1969).