798 So.2d 13 (2001)
In re The ESTATE OF Floyd M. ELLIOTT, deceased.
Deborah Davis, as personal representative of the estate of Floyd M. Elliott, Appellant,
v.
Alice Patterson, Appellee.
No. 1D00-4515.
District Court of Appeal of Florida, First District.
October 4, 2001.
Rehearing Denied October 31, 2001.
John A. Grant, Tallahassee, for Appellant.
*14 Larry E. Levy, of The Levy Firm, Tallahassee, for Appellee.
WEBSTER, J.
Deborah Davis, as personal representative of the estate of Floyd M. Elliott, deceased, seeks review of an order of the trial court, sitting in probate, granting the motion of appellee, Alice Patterson, for an extension of time to file an independent action following an objection by the personal representative to her claim filed against the estate. We conclude that we have jurisdiction, and that the trial court erroneously granted the motion because Patterson failed to demonstrate good cause for the request. Accordingly, we reverse.

I.
Patterson, acting in proper person, filed a statement of claim against the estate on April 26, 2000, seeking $215,599.18 on account of services allegedly rendered to the decedent before his death. The personal representative served an objection to Patterson's claim on May 2, 2000. The objection stated that "[c]laimant [wa]s limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law." On May 25, 2000, Patterson, again in proper person, filed a "Response to Objection to Claim of Alice Patterson" from which it is apparent that she did not understand the purpose or effect of the objection. On August 2, 2000, an attorney filed a notice of appearance on behalf of Patterson, and a "Motion for Extension of Time to File Action to Establish Validity of Claim." In that motion, Patterson's attorney recited the procedural history; alleged that Patterson had failed to file an independent action within 30 days of the date of service of the objection, as required by section 733.705(4), Florida Statutes (1999), because she was "unfamiliar with the law"; and, pursuant to section 733.705(4), requested an extension of time within which to file an independent action on the claim. The motion was not verified, and no supporting affidavits were filed.
Following a hearing, the trial court entered an order granting Patterson's motion seeking an extension of time. In that order, the trial court found that Patterson had demonstrated "good cause" for the extension, as required by section 733.705(4), because she "was unfamiliar with the law and ... was not aware that she also should have filed an independent action upon the claim." The personal representative filed a motion for rehearing, arguing that the motion was legally insufficient because (1) it had not been verified and was not supported by any "evidentiary material"; (2) no evidence had been presented at the hearing in support of the allegation that Patterson "was unfamiliar with and unaware of the law requiring her to file an independent action"; and (3) ignorance or unfamiliarity with the law does not constitute "good cause," as that term is used in section 733.705(4), citing cases. The trial court denied the motion for rehearing without comment. This appeal follows.

II.
Patterson argues that we lack jurisdiction to hear this appeal because the trial court's order is neither a final order nor an appealable non-final order. We disagree. Florida Rule of Appellate Procedure 9.110(a)(2) provides that "orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code" are appealable as final orders. Section 731.201(21), Florida Statutes (1999) (which is a part of the Florida Probate Code), states that "[i]n any proceeding affecting the estate ..., *15 the personal representative of the estate shall be deemed to be an interested person." Clearly, the proceeding in the trial court was one "affecting the estate." Accordingly, the personal representative is "an interested person" for purposes of rule 9.110(a)(2). The only remaining question, then, is whether the order sought to be reviewed is one "that finally determine[s] a right or obligation of" the personal representative. Our supreme court has held that it is.
In Smoak v. Graham, 167 So.2d 559 (Fla.1964), the court addressed the finality of orders in probate that grant either a motion by the personal representative for an extension of time within which to object to a claim or a motion by a claimant for an extension of time within which to file an independent action following the personal representative's objection to a claim. The court first noted that
[t]he authority of the probate court in both instances is precisely the same under the statute, the net effect of the orders being in [the former] case to deprive claimant of the limitation features of the statute by denying him any relief in probate unless and until he might prevail by independent suit, and, in the [latter case], to deprive the [personal representative] of the limitation provisions under which the claim against the estate would be foreclosed by lack of timely suit, and to require him ... to defend an independent action on the claim.
Id. at 561. It then held that
the judicial labor of the probate court is complete, for purposes of review of [such] a ruling ... at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate. A time extension under the statute is logically unassailable thereafter in that or any other trial court, and the right of appeal should and does then accrue.
Id. Accord Sutton v. Stear, 264 So.2d 838, 841 (Fla.1972) (adhering to the decision in Smoak that such orders constitute "a final determination," and are therefore appealable).
The rationale behind the holding in Smoak remains valid today. The effect of the trial court's ruling is that the personal representative has been deprived of the provisions limiting claims found in section 733.705(4), Florida Statutes (1999), and required to defend an independent civil action on Patterson's claim. If she is unable to appeal the order now, she will never be able to do so.
Patterson argues that, to the extent Smoak ever supported the appealability of orders such as this, it is no longer good law. In support of her argument, she relies on In re Estate of Nolan, 712 So.2d 421 (Fla. 2d DCA 1998). However, Nolan does not even mention Smoak, let alone imply that it is no longer good law. Moreover, it is distinguishable on its facts.
In Nolan, the appellants sought review of an order in probate authorizing a previously appointed administrator ad litem to commence a proceeding seeking to set aside a will and a revocable living trust. The Second District dismissed the appeal, concluding that the order did not finally determine any of the appellants' rights or obligations. Id. at 423. This decision seems to us appropriate because, unlike the situation here, the order of which the appellants sought review in Nolan did not conclude the work of the probate court on the matter. Proceedings to set aside wills and trusts are considered "adversary proceedings" in probate. Fla. Prob. R. 5.025(a). Although adversary proceedings are to "be conducted similar to suits of a civil nature and the Florida Rules of Civil *16 Procedure shall govern" (Fla.Prob. R. 5.025(d)(2)), such proceedings are conducted as a part of the original probate proceeding. Thus, the court in Nolan correctly concluded that the order of which review was sought did not mark the end of the probate court's work on the will contest. The appellants would therefore have an opportunity to appeal the order following the entry of an order concluding the probate court's work on the will contest.
We hold that the Order Granting Motion for Extension of Time to File Action to Establish Validity of Claim "finally determine[s] a right or obligation of an interested person as defined in the Florida Probate Code." Therefore, it is appealable as a final order pursuant to Florida Rule of Appellate Procedure 9.110(a)(2), and we have jurisdiction. Fla. Const. art. V, § 4(b)(1).

III.
It is undisputed that Patterson's claim and the personal representative's objection to the claim were timely. See §§ 733.702(1), 733.705(2), Fla. Stat. (1999). To the extent pertinent, section 733.705(4), Florida Statutes (1999), reads:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim.... For good cause, the court may extend the time for filing an action or proceeding after objection is filed.... No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is thereafter forever barred....
It is likewise undisputed that, although informed by the personal representative's objection that she must do so, Patterson did not file an independent action within 30 days of service of the objection. Thus, but for the trial court's determination that "good cause" existed to justify extending the time for filing an independent action, Patterson's claim would be "forever barred." The personal representative argues that Patterson's motion was legally insufficient to demonstrate "good cause" because (1) the motion was unsworn, and Patterson offered no evidence to support its factual allegations; and (2) Patterson's lack of familiarity with the law does not constitute "good cause"; and that, as a result, the trial court's order must be reversed. We agree.
We have previously held that "[a]n unsworn petition for extension that is not supported by affidavits or other testimony or evidence is insufficient for the probate court to find good cause existed." Powell v. Chancy Stoutamire, Inc., 546 So.2d 1135, 1137 (Fla. 1st DCA 1989) (citing In re Estate of Dezso, 382 So.2d 399 (Fla. 4th DCA 1980)). Moreover, Florida courts have repeatedly held that ignorance of the law does not constitute "good cause" to justify an extension of time within which to file an independent action. See, e.g., In re Goldman's Estate, 79 So.2d 846, 848 (Fla. 1955) ("`ignorance of law, hardship on petitioner, and reliance on [another's] advice' " do not constitute "good cause"); Devine v. Kirkovich, 754 So.2d 789, 791 (Fla. 3d DCA 2000) (even if the claimant had been acting in proper person and erroneously believed that he had complied with the statutory requirements, such would not have constituted "good cause"); In re Estate of Dudley, 374 So.2d 1111, 1112 (Fla. 4th DCA 1979) ("ignorance of the law by both the personal representative and her out-of-state attorney and reliance by the personal representative on her attorney's advice ... cannot be `good cause' under the statute"); First Bank & Trust Co. of Jacksonville v. Bush, 226 So.2d 438, 440 (Fla. 1st DCA 1969) ("Ignorance of the law or reliance upon the validity of one's claim *17 notwithstanding the filing of an objection thereto does not constitute a sufficient showing of good cause").

IV.
Patterson's Motion for an Extension of Time to File Action to Establish Validity of Claim was legally insufficient. Accordingly, the trial court's order granting that motion was error, and is reversed.
REVERSED.
BROWNING and POLSTON, JJ., CONCUR.