869 So.2d 763 (2004)
David FRANK, individually and d/b/a Frank's Landscaping, Appellant/Cross-Appellee,
v.
Wayne WYATT, Appellee/Cross-Appellant.
No. 1D03-1520.
District Court of Appeal of Florida, First District.
April 13, 2004.
*764 Carl D. Dawson of Dawson, Galant & Sulik, P.A., Jacksonville, for Appellant/Cross-Appellee.
Randall K. Erler of Wood, Atter & Associates, P.A., Jacksonville, for Appellee/Cross-Appellant.
WEBSTER, J.
Appellant, who was a defendant in the trial court, seeks review of a directed verdict entered against him at the close of the evidence on an affirmative defense in a negligence action arising out of a collision involving two motor vehicles. He argues that the defense that his vehicle had been converted by the driver involved in the collision prior to the collision should have been submitted to the jury. Appellee, the plaintiff in the trial court, cross-appeals. He argues that (1) the trial court should have granted his motion for a directed verdict on the issue of permanency of his injuries; and (2) because the jury's finding of "no permanency" was against the manifest weight of the evidence and the verdict was legally inadequate and inconsistent, the trial court should have granted his motion for a new trial on damages. For the reasons that follow, we reverse the directed verdict on appellant's affirmative defense, which requires that we remand for a new trial, and we affirm the trial court's denial of appellee's motion for a directed verdict on the permanency issue. Our disposition of the issue raised by appellant moots the remaining issue raised by appellee on his cross-appeal.
The law is quite clear to the effect that:
[T]he vicarious liability of an owner under the dangerous instrumentality doctrine should [not] depend solely on the issue of whether there was consent to use the vehicle initially. Rather, ... liability should be determined on the basis of whether there has, in fact, been a conversion or theft of the vehicle prior to the negligence at issue.... [O]nce a vehicle has been the subject of a theft or conversion, the owner's initial consent has been vitiated and the vehicle is no longer on public highways "by authority of" the owner.
Hertz Corp. v. Jackson, 617 So.2d 1051, 1053 (Fla.1993). Notwithstanding the trial court's conclusion to the contrary, there was ample evidence presented, in the form of appellant's trial testimony and the police report for unauthorized use of a motor vehicle made by appellant prior to the collision, from which the jury could have found that the vehicle had been converted before the collision. While there were inconsistencies between appellant's trial testimony and his earlier deposition testimony, those inconsistencies went merely to the weight to be given to appellant's testimony *765 and were, therefore, exclusively for the jury to resolve. See, e.g., Slavin v. Kay, 108 So.2d 462, 467-68 (Fla.1959) (on rehearing granted) ("the credibility of the witnesses, their bias or prejudice and other matters concerning the weight to be given the spoken word or other evidence.... are matters wholly within the province of the jury"); Russ v. City of Jacksonville, 734 So.2d 508, 511 (Fla. 1st DCA 1999) (same, citing Slavin).
Because the trial court should have denied the motion for directed verdict and permitted the jury to determine whether appellant's vehicle had been converted before the collision, we must reverse the judgment, and remand for a new trial. In doing so, we reiterate comments recently made in another appeal where we reversed a directed verdict entered against defendants by the same trial judge, among them that, "[b]efore granting a directed verdict, the trial court must view the evidence and testimony in the light most favorable to the nonmoving party"; that, "if there is any evidence upon which a jury could lawfully find for the nonmoving party, a verdict should not be directed"; and that "[m]otions for directed verdict are rarely appropriate in negligence cases." Howell v. Winkle, 866 So.2d 192 (Fla. 1st DCA 2004). We note, further, that, had the trial court reserved ruling on the motion and submitted appellant's conversion affirmative defense to the jury as requested by appellant and permitted by Florida Rule of Civil Procedure 1.480(b), a second trial might have been avoided.
As to the first issue raised by appellee on his cross-appeal, we conclude that the trial court correctly denied his motion for a directed verdict that the injuries he received as a result of the collision were permanent. There was conflicting expert testimony regarding this issue. Even were that not the case, a jury is free to weigh the credibility of an expert witness just as it does any other witness, and to reject such testimony, even if uncontradicted. See Republic Servs. of Fla. v. Poucher, 851 So.2d 866, 871 (Fla. 1st DCA 2003) (relying, among other cases, on Easkold v. Rhodes, 614 So.2d 495 (Fla.1993), and Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)). See also Fla. Std. Jury Instr. (Civ.) 2.2(b). Contra Rose v. Dwin, 762 So.2d 532, 533 n. 1 (Fla. 4th DCA 2000); Williamson v. Superior Ins. Co., 746 So.2d 483, 485 (Fla. 2d DCA 1999). Our disposition of the issue raised by appellant moots the remaining issue raised by appellee's cross-appeal.
We reverse the directed verdict entered against appellant on his conversion affirmative defense; affirm the denial of a directed verdict on the permanency issue; and remand for a new trial.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BENTON and PADOVANO, JJ., concur.