982 So.2d 42 (2008)
Athena F. GRAINGER, as personal representative of the Estate of Sam Gus Felos, Appellant,
v.
Howard B. WALD, Jr., Appellee.
No. 1D07-2772.
District Court of Appeal of Florida, First District.
April 10, 2008.
Rehearing Denied May 16, 2008.
J. Stephen O'Hara, Jr. and Susan S. Oosting of the O'Hara Law Firm, P.A., Jacksonville, for Appellant.
S. Perry Penland, Jr. of S. Perry Penland, Jr., P.A., and Eric S. Block, Esquire, Jacksonville, for Appellee.
HAWKES, J.
This is an appeal from a final judgment awarding over $1 million in damages for injuries Plaintiff/Appellee Howard Wald sustained in an automobile accident for which the defendant admitted fault. Appellant asserts the award resulted from the trial court's error in granting a directed verdict as to permanency of the injuries, effectively removing that question from the jury. We agree and reverse.
Wald alleged he suffered injuries to his neck, back, and right arm, foot, and thigh in the collision. He sought damages only for his neck and back injuries. He did not seek damages for his thigh condition because it caused no "ongoing daily chronic pain." Since the defendant admitted fault, the only issues for the jury were causation, permanency of the injuries, and damages.
At trial, one doctor testified Wald had permanent neck, low back and right thigh injuries causally connected to the collision. Another doctor opined the neck and low back injuries were not permanent, and neither was causally connected to the collision. However, the second doctor also opined Wald had permanent right thigh numbness and, giving Wald "the benefit of the doubt," the condition was related to the collision. Based on this testimony Wald moved for directed verdict on permanency, arguing there was no evidence that he did not suffer a permanent injury from the collision.
*43 Ultimately, over objection, the trial court granted the motion for directed verdict on permanency, but only as to the right thigh condition. The trial court instructed defense counsel that he was free to argue to the jury that none of the other injuries were permanent. Additionally, the trial court instructed the jury it was free to weigh, accept, or reject the opinions of any expert witness. However, there was no reference to permanence in the verdict form or in the jury instructions. Consequently, there was no avenue through which the jury could reject the permanency of any of the injuries. By directing a verdict as to permanency the trial court reversibly erred.
Permanency is a jury question. See Frank v. Wyatt, 869 So.2d 763, 765 (Fla. 1st DCA 2004). A jury is free to weigh the credibility of expert witnesses as it does any other witness, and reject even uncontradicted testimony. See id. (citing Republic Servs. of Fla. v. Poucher, 851 So.2d 866, 871 (Fla. 1st DCA 2003); Easkold v. Rhodes, 614 So.2d 495 (Fla.1993)). Likewise, a jury is entitled to weigh the credibility of a medical expert and a lay witness, reject the expert testimony and base its verdict solely on conflicting lay testimony, or reject the plaintiff's claim entirely. See Republic Servs. of Fla., 851 So.2d at 871 (citing Weygant v. Ft. Myers Lincoln Mercury, Inc., 640 So.2d 1092 (Fla.1994)).
Here, there was conflicting testimony as to the permanency of Plaintiff's neck and back injuries, and the testimony as to the permanency of Plaintiff's thigh injury was ambivalent. However, the jury was free to reject any testimony regarding permanency, including uncontradicted testimony. By granting a directed verdict as to the permanency of Plaintiff's thigh injury, a condition for which Plaintiff did not seek damages because it caused no "ongoing daily chronic pain," the trial court took from the jury's consideration the issue of the permanency of Plaintiff's neck and back injuries, the only conditions for which Plaintiff sought damages.[1]
Because the issue of permanency is a jury question, the trial court erred as a matter of law by directing a verdict on that issue. The final judgment is REVERSED and the case REMANDED for a new trial.
BROWNING, C.J., and LEWIS, J., concur.
NOTES
[1] Significantly, based on a plain reading of the statute, it appears the jury would be precluded from awarding damages based on the permanency of the thigh injury, because that injury did not cause "pain, suffering, mental anguish or inconvenience." See § 627.737(2), Fla. Stat.