VAN NORTWICK, J.
 

 Susan Mack and Ben Mack appeal a final order granting the petition of the Estate of George Watts, appellee, to strike the Macks’ claims against the Estate as untimely. For the following reasons, we affirm all issues raised on appeal.
 

 The decedent, George Watts, a physician, died on November 18, 2004. The first notice to creditors was published on May 14, 2005. On October 31, 2005, the Macks first filed their claims against the Estate based on alleged medical malpractice in connection with surgery Dr. Watts performed on Susan Mack’s ankle. The Macks filed a malpractice action against the Estate on January 30, 2006. In February 2009, the Estate filed a petition in the probate court to limit the Macks’ claim in the malpractice action to the proceeds of malpractice insurance,
 
 see
 
 section 733.702(4)(b), Florida Statutes (2005), and the Macks filed petitions seeking to strike the Estate’s objections to their claims.
 

 We agree with the trial court that the Macks’ claims against the estate are barred by sections 733.702(1)(3),
 
 [1]
 
 and
 
 *698
 
 733.710(1),
 
 [2]
 
 Florida Statutes (2005). The Macks’ claims were filed more than three months from the date the notice to creditors was first published.
 
 See
 
 § 733.702(1). Further, the Macks did not file a request for an extension of time under section 733.702(3) until after the running of the two-year non-claim period in section 733.710(1). As the Supreme Court held in
 
 May v. Illinois National Insurance Company,
 
 771 So.2d 1143, 1157 (Fla.2000), “section 733.710 is a jurisdictional statute of nonclaim that automatically bars untimely claims and is not subject to waiver or extension in the probate proceeding.” The
 
 May
 
 court explained that this statute “represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent’s estate in Florida should be exposed by claims on the decedent’s assets.”
 
 Id.
 
 (quoting
 
 Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P.,
 
 673 So.2d 163, 167 (Fla. 4th DCA 1996)). Here, the Macks’ claims were untimely filed under section 733.702(1). Although section 733.702(3) provides for an extension, the claim and motion for an extension must be filed before the operation of the two-year non-claim provision.
 
 May,
 
 771 So.2d at 1157.
 

 We also reject the Macks’ assertion that their claim was timely filed when measured from the date of publication of a second notice to creditors by the estate. The time period under section 733.702(1) runs from “the time of the first publication of the notice to creditors.” As the Supreme Court held in
 
 Estate of Williamson v. Murphy,
 
 95 So.2d 244, 247 (Fla.1957), a second publication will be deemed “unnecessary surplusage” which has no “affect [on] the validity or effectiveness of the first notice published.”
 

 AFFIRMED.
 

 WOLF and ROBERTS, JJ., concur.
 

 [1]
 

 . Section 733.702, Florida Statutes (2005) provides in pertinent part:
 

 (1) If not barred by s. 733.710, no claim or demand against the decedent's estate that
 
 *698
 
 arose before the death of the decedent, ... even if the claims are unmatured, contingent, or unliquidated; ... and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless Bled in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise....
 

 [[Image here]]
 

 (3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed unless the court extends the time in which the claim may be filed. An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period....
 

 [2]
 

 . Section 733.710 provides in pertinent part:
 

 733.710 Limitations on claims against estates.—
 

 (1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.