29 So.3d 1155 (2010)
Athena F. GRAINGER, as personal representative of the Estate of Samuel Gus Felos, Appellant,
v.
Howard B. WALD, Jr., Appellee.
No. 1D09-0765.
District Court of Appeal of Florida, First District.
February 12, 2010.
Rehearing Denied March 22, 2010.
*1156 Rhonda B. Boggess of Taylor, Day, Currie, Boyd & Johnson, Jacksonville, for Appellant.
S. Perry Penland, Jr. of S. Perry Penland, Jr. P.A., Jacksonville, for Appellee.
HAWKES, C.J.
Appellant serves as the personal representative of the estate of Samuel Gus Felos. As personal representative, she challenges the denial of her petition to strike a claim filed against the estate by Wald as untimely under section 733.702(1), Florida Statutes (2009). The probate court denied the petition, finding the time constraints of section 733.702(1) inapplicable because the notice to creditors was improperly served on Wald. We find this reasoning without statutory support and, therefore, reverse.
Wald was involved in an automobile/motorcycle accident with the decedent and brought a personal injury lawsuit to recover damages. Wald eventually prevailed in his lawsuit, but the judgment was not rendered until after the decedent's death. Some time after obtaining the judgment, Wald filed a claim against the probate estate.
In response, the personal representative filed a petition to dismiss the claim. The personal representative argued Wald's claim was untimely as it was not filed within the statute of limitations established in section 733.702(1). This provision states all claims against a decedent's estate arising *1157 before the decedent's death[1] must be filed either within three months of publication of the notice to creditors or 30 days after personal service of the notice upon the creditor. The personal representative argued she had served notice on Wald's attorney as required by Florida Probate Rule 5.041(b) (2009) on May 23, 2007, thus triggering the time constraints of section 733.702(1). Therefore, under the statute, Wald had until June 22, 2007, to file any claim he might have. Since Wald's claim was not filed until July 2, 2007, the personal representative argued it was untimely and forever barred.
The probate court rejected this argument. It found service of the notice was ineffective because it was served upon Wald's "personal injury" attorney, rather than upon his "probate" attorney. The court went on to reason that because service of the notice was ineffective, Wald's claim was not governed by the 30-day time constraint of section 733.702(1). Since the claim was not constrained by the 30-day claim period, the court denied the personal representative's petition to strike the claim as untimely. This appeal followed.
There are two reasons why the probate court erred in finding the time constraints of section 733.702(1) inapplicable.
First, the Florida Probate Rules do not make any distinction based on the scope of an attorney's representation of a client. A personal representative would have no way of knowing such information. These descriptive labels, such as "probate" attorney or "personal injury" attorney do not appear in the Rule 5.041(b), which governs the service of pleadings and papers in probate actions. Instead, the Rule simply requires that if a creditor is represented by an attorney, service must be on the attorney and not on the creditor. The language of Rule 5.041(b) states that "when service is required or permitted to be made on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court." (emphasis added).
Given the foregoing, it seems bizarre to declare service invalid simply because the attorney who was served later claims he is not the "probate" attorney but the "personal injury" attorney. This not only adds terms and conditions not found in the Rule, but also puts the Rule at odds with section 733.702(4). If this interpretation of the Rule were correct, a personal representative wishing to impose or rely on the statutory 30-day claim period would be frustrated if one of the estate's creditors were represented by an attorney. This is so because, at any time, the creditor would have the option of retaining additional counsel and labeling that attorney as the "probate attorney," thereby rendering the estate's service void and avoiding the 30-day claim period. The personal representative would have no way of knowing whether service was obtained because he would not know if additional counsel, appropriately labeled, would be later retained. To have certainty, the personal representative would have no alternative but to ignore the mandates of the Rule and serve the creditor directly to achieve the benefits of the statute.
This case serves as an illustration. At the time that notice was served, Wald had representation. Wald's attorney had handled his entire "personal injury" claim and was familiar with every aspect of the *1158 claim.[2] No other attorney was involved on Wald's behalf. The notice was served on the attorney and contained the warning that that any probate claim was to be filed within 30 days or be forever barred. Wald argues his tardiness should be overlooked because he had not labeled the attorney as his "probate attorney." Semantics should not be allowed to render Rules meaningless and statutes uncertain. The time constraints contained in section 733.702(1) are important and should not be skirted by legal gamesmanship. See Mack v. Perri, 24 So.3d 697 (Fla. 1st DCA 2009).
Second, regardless of whether the attorney served was labeled the "probate" or the "personal injury" attorney, the record reflects that Wald had actual notice and that he received notice in time to file the claim. Wald received all process that was due. The record contains Wald's original statement of claim against the estate. Although the claim was not filed until July 2, 2007, Wald signed the claim on June 16, 2007  at least six days before the time for filing claims was to expire. "[D]ue process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the non-claim period." Estate of Ortolano, 766 So.2d 330, 332 (Fla. 4th DCA 2000) (emphasis added). Considering the date of Wald's signature, he had actual notice and sufficient time to file a claim within the 30-day statute of limitations. Therefore, any failure was not in the service of the notice, but in the untimely filing of the claim. Since there was no excuse for Wald's failure to file the claim in a timely manner, it should have been declared time barred under section 733.702(1).
The probate court erred in denying Grainger's petition for an order striking the probate claim as untimely. This matter is REVERSED and REMANDED for proceedings consistent with this opinion.
THOMAS, J., concurs; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
I respectfully dissent. Florida Rule of Appellate Procedure 9.110, which governs "Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases," applies to "proceedings" that "seek review of orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code." Fla. R.App. P. 9.110(a)(2) (emphasis supplied). Denial of the petition Athena F. Grainger filed, as personal representative of the estate of Samuel Gus Felos, to strike Howard B. Wald's claim against the estate (as untimely) is not an appealable order. Because the order under review does not "finally determine a right or obligation," Fla. R.App. P. 9.110(a)(2), the appeal should be dismissed.
In a separate lawsuit brought against Mr. Felos while he was still alive, Mr. Wald sought to recover for injuries he suffered in an automobile accident. After Mr. Felos died, his estate was substituted as a party defendant in Mr. Wald's personal injury case. The personal injury case resulted in an adverse judgment for more than one million dollars, and the estate appealed the judgment to this court, which reversed and remanded for a new trial. The supreme court has since granted review *1159 of our decision in the personal injury case. See Grainger v. Wald, 982 So.2d 42 (Fla. 1st DCA 2008), rev. granted, 11 So.3d 943 (Fla.2009). Whether the estate will ultimately be indebted to Mr. Wald is now for our supreme court to say, and remains to be finally determined.
The order on appeal in the present case finally determines no right or obligation of the estate as judgment debtor or of Ms. Grainger as personal representative. Mr. Wald's statement of claim, which the order under review declined to strike, is expressly predicated, not on the previously unadjudicated cause of action for injuries sustained in the automobile accident, but on a "jury verdict and Final Judgment" in the personal injury case, which had been entered against the estate before the filing deadline asserted in the probate case ran.
We have jurisdiction to review orders denying petitions to strike claims only where they finally determine a right or obligation of an interested person. See Strulowitz v. Cadle Co., II, 839 So.2d 876 (Fla. 4th DCA 2003) (reviewing probate order denying petition to strike claim); Lewsadder v. Estate of Lewsadder, 757 So.2d 1221 (Fla. 4th DCA 2000) (same); Estate of Shearer ex rel. Shearer v. Agency for Health Care Admin., 737 So.2d 1229 (Fla. 5th DCA 1999) (same). We reversed an order granting a creditor an extension of time to file a claim against the estate in In re Estate of Elliott, 798 So.2d 13, 17 (Fla. 1st DCA 2001), reasoning that the personal representative was an interested person under Florida Rule of Appellate Procedure 9.110(a)(2), and that the extension order finally determined a right of the personal representative, because its effect was to deprive her of the ability to preclude litigation of the claim.[*]Id. at 14-15. As in Elliott, the personal representative here is an interested person under Rule 9.110(a)(2), and the order under review in the present case, like the order reviewed in Elliott, purported to determine whether the personal representative could foreclose a claim as untimely for failure to file within the 30-day period for filing claims. See § 733.702(1), Fla. Stat. (2006). See also Smoak v. Graham, 167 So.2d 559, 561 (Fla.1964).
In the present case, however, the judgment entered against the estate after Mr. Felos died cannot be deemed a "claim or demand against the decedent's estate that arose before the death of the decedent." § 733.702(1), Florida Statutes (2006). The posthumous judgment against the estate, entered before the putative deadline for statements of claim passed, is the only basis stated for Mr. Wald's claim. Upon his death, Mr. Felos's estate had been substituted as a party in the personal injury case Mr. Wald brought against him. Mr. Wald is a judgment creditor of the estate, not of the decedent.
The personal representative was without power to insulate the estate from a judgment against it by deeming untimely underlying claims after they had merged into the judgment. Denial of the petition to strike a claim predicated on the judgment does not alter the estate's legal position.
The appeal should be dismissed.
NOTES
[1] Section 733.702(1) includes all claims within its scope, "even if the claims are unmatured, contingent or unliquidated."
[2] Filing a probate claim is a relatively simple act and requires nothing more than submitting a written statement of the case. If for some reason Wald's attorney was unable to file the claim, he certainly could have referred Wald to another attorney or advised Wald about the need to timely file a claim. Wald's attorney failed to accomplish this simple task.
[*] We said that if the personal representative were not able to appeal the order at that time, she would never be able to do so. In re Estate of Elliott, 798 So.2d 13, 15 (Fla. 1st DCA 2001). The Elliott opinion cited Smoak v. Graham, 167 So.2d 559, 561 (Fla. 1964), where our supreme court found an order denying a petition for payment of a claim final and appealable, holding that "the judicial labor of the probate court is complete . . . at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate."