BENTON, J.,
dissenting.
I respectfully dissent. Florida Rule of Appellate Procedure 9.110, which governs “Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases,” applies to “proceedings” that “seek review of orders entered in probate and guardianship matters that finally determine a nght or obligation of an interested person as defined in the Florida Probate Code.” Fla. R.App. P. 9.110(a)(2) (emphasis supplied). Denial of the petition Athena F. Grainger filed, as personal representative of the estate of Samuel Gus Felos, to strike Howard B. Wald’s claim against the estate (as untimely) is not an appealable order. Because the order under review does not “finally determine a right or obligation,” Fla. R.App. P. 9.110(a)(2), the appeal should be dismissed.
In a separate lawsuit brought against Mr. Felos while he was still alive, Mr. Wald sought to recover for injuries he suffered in an automobile accident. After Mr. Felos died, his estate was substituted as a party defendant in Mr. Wald’s personal injury case. The personal injury case resulted in an adverse judgment lor more than one million dollars, and the estate appealed the judgment to this court, which reversed and remanded for a new trial. The supreme court has since granted re *1159 view of our decision in the personal injury case. See Grainger v. Wald, 982 So.2d 42 (Fla. 1st DCA 2008), rev. granted, 11 So.3d 943 (Fla.2009). Whether the estate will ultimately be indebted to Mr. Wald is now for our supreme court to say, and remains to be finally determined.
The order on appeal in the present case finally determines no right or obligation of the estate as judgment debtor or of Ms. Grainger as personal representative. Mr. Wald’s statement of claim, which the order under review declined to strike, is expressly predicated, not on the previously unad-judicated cause of action for injuries sustained in the automobile accident, but on a “jury verdict and Final Judgment” in the personal injury case, which had been entered against the estate before the filing deadline asserted in the probate case ran.
We have jurisdiction to review orders denying petitions to strike claims only where they finally determine a right or obligation of an interested person. See Strulowitz v. Cadle Co., II, 839 So.2d 876 (Fla. 4th DCA 2003) (reviewing probate order denying petition to strike claim); Lewsadder v. Estate of Lewsadder, 757 So.2d 1221 (Fla. 4th DCA 2000) (same); Estate of Shearer ex rel. Shearer v. Agency for Health Care Admin., 737 So.2d 1229 (Fla. 5th DCA 1999) (same). We reversed an order granting a creditor an extension of time to file a claim against the estate in In re Estate of Elliott, 798 So.2d 13, 17 (Fla. 1st DCA 2001), reasoning that the personal representative was an interested person under Florida Rule of Appellate Procedure 9.110(a)(2), and that the extension order finally determined a right of the personal representative, because its effect was to deprive her of the ability to preclude litigation of the claim.* Id. at 14-15. As in Elliott, the personal representative here is an interested person under Rule 9.110(a)(2), and the order under review in the present case, like the order reviewed in Elliott, purported to determine whether the personal representative could foreclose a claim as untimely for failure to file within the 30-day period for filing claims. See § 733.702(1), Fla. Stat. (2006). See also Smoak v. Graham, 167 So.2d 559, 561 (Fla.1964).
In the present case, however, the judgment entered against the estate after Mr. Felos died cannot be deemed a “claim or demand against the decedent’s estate that arose before the death of the decedent.” § 733.702(1), Florida Statutes (2006). The posthumous judgment against the estate, entered before the putative deadline for statements of claim passed, is the only basis stated for Mr. Wald’s claim. Upon his death, Mr. Felos’s estate had been substituted as a party in the personal injury case Mr. Wald brought against him. Mr. Wald is a judgment creditor of the estate, not of the decedent.
The personal representative was without power to insulate the estate from a judgment against it by deeming untimely underlying claims after they had merged into the judgment. Denial of the petition to strike a claim predicated on the judgment does not alter the estate’s legal position.
The appeal should be dismissed.

 We said that if the personal representative were not able to appeal the order at that time, she would never be able to do so. In re Estate of Elliott, 798 So.2d 13, 15 (Fla. 1st DCA 2001). The Elliott opinion cited Smoak v. Graham, 167 So.2d 559, 561 (Fla.1964), where our supreme court found an order denying a petition for payment of a claim final and appealable, holding that “the judicial labor of the probate court is complete ... at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate.”